[No. 4,008.]

## F. M. CALDWELL *v.* H. G. PARKS.

BILL OF EXCEPTIONS ON QUESTIONS OF LAW.—A bill of exceptions based upon alleged errors of law occurring at the trial may be settled within thirty days after judgment is rendered, and it thus becomes a part of the record on appeal from the judgment.

APPEAL from the District Court of the Seventh Judicial District, Sonoma County.

The facts are stated by the Court.

*Thomas & Pressley,* for Appellant.

*McCullough & Maslin,* for Respondent.

By the COURT:

The plaintiff recovered judgment on June 17th, 1873,

upon trial of the action, and this appeal, taken on the 2d day of August following, is from the judgment. A bill of exceptions, appearing in the transcript, was settled and filed on the 15th July, 1873. The only errors assigned in the bill of exceptions are errors of law occurring during the progress of the trial, and no question of the sufficiency of the evidence to support the verdict is made therein, or relied upon on this appeal.

An objection to the bill of exceptions is taken here by respondent, who claims that it can not be considered as forming part of the record, because it was not taken and settled at the trial, when the rulings therein complained of were made by the Court below. By section 649, Code of Civil Procedure, it is provided that a bill containing the exceptions to any ruling may be presented to the Judge at the time the ruling was made, and that after it has been made conformable to the truth, it shall be signed by the Judge and filed with the clerk. But it is also provided in the next succeeding section (Sec. 650) that, if the bill be not presented at the time of the ruling, it may be presented on one day's notice at any time within thirty days after the entry of judgment, for settlement by the Judge.

The argument made in support of the objection is rested upon section 950 of the Code of Civil Procedure, which provides that on an appeal from a final judgment, the transcript shall consist of a copy of the notice of appeal, the pleadings, the judgment, and such other parts of the judgment roll as are necessary to present the points relied upon for reversal; and it is claimed that, unless the bill of exceptions had properly become part of the judgment roll, it cannot constitute part of the record upon appeal from the judgment, and that, inasmuch as the clerk is required, by section 670, Code of Civ. Proc., to make up the judgment roll immediately after the entry of judgment, no bill of exceptions, not then already " taken and filed," can be considered to form part of it. Our attention is also called to the fact that the Code of Civil Procedure contains no provision allowing bills of exceptions to be annexed to the judgment roll, corresponding with section 338 of the late Practice

Act, providing that statements on appeal might be so annexed. We think, however, that this construction of the code cannot be maintained, in view of section 650, already cited. There is no doubt that that section provides for the settlement of bills of exception, based upon errors of law occurring at the trial of the cause, and this may be done after entry of judgment, and after the judgment roll has already been made up by the clerk, under the provisions of section 670. But if the position of the respondent be correct, such bills of exception would be unavailing for any purpose, except, perhaps, that of a motion for a new trial. In other words, a party relying upon errors of law for the reversal of the judgment would be compelled, in every instance where his bill of exceptions was filed only after the entry of judgment, to resort to a motion for a new trial in the Court below, before he could present such errors for review in this Court. The code was designed to simplify proceedings on appeal, and to facilitate the review of questions adjudged in the trial Courts. Now, under the practice lately prevailing, it never was required, though it was permitted, that a party who complained of errors of law should move for a new trial in the Court below before bringing an appeal to this Court. It was never supposed that it was necessary to show that the Court below had committed the same error of law twice, before it could be made a subject of review in the appellate Court, and we do not think that such an inconvenient rule of practice has been promulgated by the Code of Civil Procedure.

The objection taken by the respondent is therefore overruled, and he is allowed to file a brief upon the merits within ten days.