[19151.  Department Two.— May 16, 1893.]

## FIRST NATIONAL BANK OF SAN LUIS OBISPO, Appellant, *v.* L. H. SIMMONS, Defendant, and E. M. HALL, Respondent.

Partnership — Note of Firm — Sale of One Partner's Interest — Liability of New Partner — Nonsuit. — In order to render one who has purchased the interest of a partner in a firm liable upon a note executed by the firm prior to his purchase, it must be shown that, in some way, he assumed the obligation created by it; and in the absence of such showing, a nonsuit is properly granted in an action against him upon such note.

Appeal from a judgment of the Superior Court of San Luis Obispo County.

The facts are stated in the opinion.

*Wilcoxson & Bouldin,* for Appellant.

*H. C. Firebaugh,* and *Graves & Graves,* for Respondent.

Vanclief, C. — Action on a promissory note (so-called), of which the following is a copy : —

"$1,000.00.        San Luis Obispo, Cal., March 29, 1890.

"For value received I promise to pay to the order of the First National Bank of San Luis Obispo, in gold coin of the U. S., any and all sums of money which the said First National Bank of San Luis Obispo may loan or advance to me on my account to the amount of one thousand dollars, with interest on such loans and advances from the time the same are made, respectively, at the rate of ten per cent per annum, payable monthly, said payment to be made by one day after date, and this obligation shall always apply to the balance of my indebtedness with said bank.        L. H. Simmons, for Simmons & Hall.

"No. 1172."

The complaint alleges that the defendants, as copartners, made the note on the day of its date; that plaintiff then and thereafter "loaned and advanced to defendants, as such copartners as aforesaid, the sum of $1,000, and the same was used by said defendants as such partners, in and about the business of said 'partnership'"; and that only $300.35 has been paid thereon.   The complaint is not verified.

The defendant, E. M. Hall, denied each and every allegation of the complaint; and specifically denied that any partnership ever existed between him and Simmons.

At the close of the evidence on the part of the plaintiff, the defendant Hall moved for a nonsuit as to him, on the ground that the evidence did not tend to prove that he was one of the makers of the note, or had ever promised to pay the same. The court granted the motion, and judgment of nonsuit was entered in favor of the defendant Hall, from which plaintiff brings this appeal on a bill of exceptions.

The evidence on the part of the plaintiff, as stated in the bill of exceptions, shows that on August 22, 1889, a written agreement of partnership was executed between Simmons and one

Charles F. Hall, the son of the defendant, E. M. Hall, by the terms of which Charles F. Hall purchased from Simmons an undivided half of the stock in trade of a hardware business theretofore carried on by Simmons at the town of San Luis Obispo, for the sum of $2,950; that after the payment of this sum and transfer of one half of said stock the parties to the agreement should be partners in the business under the firm name of "Simmons & Hall." It appears that the defendant, E. M. Hall, who resided in San Francisco, advanced and paid for his son, Charles F. Hall, the whole sum of the purchase-money; but that the son alone took possession of the interest purchased, and with Simmons conducted the business until some time between August 1 and October 8, 1890, when it is claimed by appellant, that, being dangerously ill, he sold his interest in the concern to his father, E. M. Hall.

Simmons, who was the principal witness for the plaintiff, testified that, in August or September, or possibly as late as November 1, 1890, Charles F. Hall, while sick at San Luis Obispo, signed a bill of sale of his interest in the business to his father, E. M. Hall, who was not in San Luis Obispo at that time; and that he (Simmons) consented to such sale; but that E. M. Hall never took possession of the interest nor claimed any right to it under that bill of sale, and never, to the knowledge of witness, took any part in the conduct of the business; and further, that no partnership agreement was ever made between him and E. M. Hall.

There is no evidence that the bill of sale signed by Charles F. Hall was ever delivered to E. M. Hall; and it appears that on December 3, 1890, Charles F. Hall executed a bill of sale of his interest in the partnership to one Charles Haskins, and soon after died. Simmons testified that Haskins presented his bill of sale claiming the interest of Charles F. Hall, and came into possession and represented that interest.

Mr. R. E. Jack, who was president of the plaintiff bank at the time the note was made, and cashier at the time of the trial, testified that on October 8, 1890, he called on E. M. Hall, who was then on a visit to San Luis Obispo, with whom he had not been acquainted before, and procured an introduction to him; that upon such introduction, " Mr. Hall's first remark that he

addressed to me was, 'How is my partner, Simmons?' And then I asked him if he had taken, as I understood, a transfer of that interest and if he owned it. He said he had and it was his." Witness further testified that having been informed of the signing of the bill of sale by Charles F. Hall to his father as testified by Simmons, his object on calling on E. M. Hall was to ascertain whether he had purchased Charles F. Hall's interest.

The evidence does not fix the date of the alleged bill of sale from Charles F. Hall to E. M. Hall, but appellant claims it to have been about October 1, 1890.

Assuming for the purpose of this appeal that the evidence tends to prove a transfer of the interest of Charles F. to E. M. Hall, between August 1 and October 1, 1890, and also that Simmons accepted E. M. Hall as a partner at the time of the transfer, yet these facts alone did not make E. M. Hall responsible on the note upon which this action is brought, which had been made by the firm composed of Simmons and Charles F. Hall a year before E. M. Hall came into the firm. In order to make E. M. Hall liable on that note, it must have been proved that in some way he assumed the obligation created by it. (*Smith* v. *Millard*, 77 Cal. 440; Lindley on Partnership, 2d. Am. ed., marg., 205 et seq.) Of this, however, there is no evidence whatever.

I think the nonsuit was properly granted (*Stoddart* v. *Van Dyke*, 12 Cal. 438), and that the judgment should be affirmed.

HAYNES, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

McFARLAND, J., DE HAVEN, J., FITZGERALD, J.