(February 3, 1906.)

# BANK OF COMMERCE v. ADA COUNTY ABSTRACT COMPANY.

### [85 Pac. 919.]

TRANSCRIPT ON APPEAL—WHAT TO CONTAIN—PARTNERSHIPS—PROMISSORY NOTE—SALE OF PARTNER'S INTEREST IN PARTNERSHIP—ASSUMPTION OF PARTNERSHIP DEBTS—LIABILITIES OF INCOMING PARTNER.

1. Under the provisions of section 4818 of the Revised Statutes, where an appeal is from final judgment only, the appellant must furnish the court with a copy of the notice of appeal, the judgment-roll and of any bill of exceptions or statement in the case upon which he relies.

2. Such bill of exceptions or statement may be used on appeal for determining whether errors of law had been made in the trial of the case.

3. Where a partnership was formed under the name of the Ada County Abstract Company, and was composed of Prinn, Wickersham and Ellsworth as partners, who all sell and transfer their interests in such partnership to Wright and the Capital State Bank, the incoming partners are not liable for any of the debts of the old firm, unless they have assumed or agreed to pay such indebtedness.

4. One who loans money to a partnership, which is thereafter invested in office furniture and other property by such partnership, which partnership thereafter sells and transfers said property to others, the one loaning the money cannot pursue the property for such debt, unless he has retained some lien thereon recognized by the laws of the state.

(Syllabus by the court.)

APPEAL from the District Court of Ada County. Honorable George H. Stewart, Judge.

Action to recover on a promissory note. Judgment for the plaintiffs. Judgment reversed.

The facts are stated in the opinion.

Ira E. Barber, for Appellant.

In order to render an incoming partner liable to the creditors of the old firm, there must be some agreement, express or

tacit, to that effect, entered into between him and the creditors and founded on some sufficient consideration. In order to hold an incoming partner for antecedent liabilities of the firm of which he becomes a member, it must affirmatively appear that he in some way assumed such obligation. (*First Nat. Bank v. Simmons,* 98 Cal. 287, 33 Pac. 197; *Smith v. Millard,* 77 Cal. 440, 19 Pac. 824; *Fuller v. Rowe,* 57 N. Y. 23.) The authorities are uniform in holding that in order to bind the incoming partner, there must be a special promise to pay prior debts of the firm, founded upon a sufficient consideration. (*Rohlfing v. Carper,* 53 Kan. 251, 36 Pac. 336; *Morehead v. Wriston,* 73 N. C. 398; *Paradise v. Gerson,* 32 La. Ann. 532; *Mousseau v. Thebens,* 19 La. Ann. 516; *Parmalee v. Wiggenhorn,* 6 Neb. 322; *Shoemaker etc. Co. v. Bernard,* 2 Lea, 358; *Sternberg v. Callahan,* 14 Iowa, 251; *Irwin v. Williar,* 110 U. S. 499, 4 Sup. Ct. Rep. 160, 28 L. ed. 225; *Goodenow v. Jones,* 75 Ill. 48; *Wright v. Brosseau,* 73 Ill. 381; *Fagan v. Long,* 30 Mo. 222.) There is no presumption that one who becomes a member of a firm assumes liability for previous debts of the firm. On the contrary, the presumption is that he is not liable for debts contracted before he entered the copartnership. (*Kountze v. Holthouse,* 85 Pa. St. 235; *Babcock v. Stewart,* 58 Pa. St. 179; *Deere v. Plant,* 42 Mo. 60; *Shorter v. Highlower,* 48 Ala. 526.) The copartnership being at all times a nontrading copartnership, Prinn could not bind the firm unless the obligation was contracted by and with the consent of his copartners. (*Skillman v. Lachman,* 23 Cal. 199, 83 Am. Dec. 96; *Smith v. Sloan,* 37 Wis. 285, 19 Am. Rep. 757; *Snively v. Matheson,* 12 Wash. 88, 50 Am. St. Rep. 877, 40 Pac. 628; *McManus v. Smith,* 37 Or. 222, 61 Pac. 844.) And such authority must be made affirmatively to appear. (*Lewin v. Barry,* 15 Colo. App. 461, 63 Pac. 121; *Cavanaugh v. Salisbury,* 22 Utah, 465, 63 Pac. 39; *Guthiel v. Gilmer,* 23 Utah, 84, 63 Pac. 817.)

George M. Parsons and Edwin Snow, for Respondent.

This appeal is taken from the judgment made, rendered, filed and entered for plaintiff. (Rev. Stats., sec. 4807.) It is

made without a statement and the judgment-roll consists of the pleadings, a copy of the verdict, summons, cost bill and judgment. (Rev. Stats., sec. 4456.) Judgment was rendered March 28, 1905; hence no appeal can be taken or was taken under paragraph 2, subdivision 1, section 4807, of the Revised Statutes. (*Brady v. Linehan,* 5 Idaho, 732-738, 51 Pac 761; *Mahoney v. Board etc.,* 8 Idaho, 377, 69 Pac. 108; *Brooks v. San Francisco etc. R. R. Co.,* 110 Cal. 173, 42 Pac. 571.) When no statement accompanies the appeal, the appeal stands upon the judgment-roll. (*Burge v. Gold Hill etc. Co.,* 15 Cal. 198; *Wetherbee v. Carroll,* 33 Cal. 549; *Kleinschmidt v. McAndrews,* 4 Mont. 223, 5 Pac. 281, 2 Pac. 286; *Williams v. Rice,* 13 Nev. 235; Rev. Stats., sec. 4824.) If no error appears on the face of judgment-roll, judgment must be affirmed. (*Mahoney v. Board etc.,* 8 Idaho, 377, 69 Pac. 108.) The only questions before the court, the appeal resting upon the judgment-roll, are such as arise from the judgment-roll itself. The statute provides what the judgment-roll shall contain. (Rev. Stats., sec. 4456.) No bill of exceptions was filed to be incorporated in the judgment-roll. (Rev. Stats., sec. 4429.) The next assigned error is: That the court erred in instructing the jury "that if the abstract company or William Prinn, as manager and as member of the company, executed the note, and it had not been paid, then plaintiff was entitled to recover." It is fundamental that detached portions of an instruction or instructions cannot be taken and assigned as error. (Hughes' Instructions to Jurors, sec. 346.) When instructions, as a whole, fairly present the law, the verdict will not be disturbed. (*Lufkins v. Collins,* 2 Idaho, 256, 10 Pac. 300.) Purchasers, buying into a partnership, acquire only such interest as the vendor had. (*Duryea v. Burt,* 28 Cal. 587, 588; *Jones v. Parsons,* 25 Cal. 104.) Firm creditors have preference over individual creditors. (*Whelan v. Shain,* 115 Cal. 329, 47 Pac. 57.) Must first apply to the partnership debt. (*Whelan v. Shain,* 115 Cal. 329, 47 Pac. 58.)

SULLIVAN, J.—This is an action on a promissory note dated March 14, 1903, for $250, signed as follows: "Ada

County Abstract Co., by Wm. R. Prinn, Mgr., Wm. R. Prinn.'' At the time of the execution of said note the Ada County Abstract Company was a partnership engaged in the business of making abstracts of title and writing insurance, and the members of such partnership were William R. Prinn, C. O. Ellsworth and J. H. Wickersham. Subsequent to the execution of the said note and prior to the commencement of this action, each of the said copartners sold and disposed of their entire interests in the copartnership property as follows: Wickersham to E. E. Wright, May 23, 1903; Ellsworth to E. E. Wright November 7, 1903, and Prinn to E. E. Wright, as trustee for the Capital State Bank, February 17, 1904. The business was continued under the old name of the "Ada County Abstract Company." This action is entitled *The Bank of Commerce, Ltd., Plaintiff, v. The Ada County Abstract Co., Defendant.* The complaint contains the usual allegations of a complaint on a promissory note. The answer denies the indebtedness of defendant upon the note, and avers that the defendant was a nontrading partnership; that its alleged entity had been changed; that the original partners had sold out subsequent to the making of the note, and that the company, as constituted at the time the suit was brought, consisted of E. E. Wright, and E. E. Wright as trustee for the Capital State Bank; that the original partners had sold out long prior to the action against the company; that the new partners did not assume any part of the said indebtedness as expressed by said note, and that it was no part of the purchase price; and on information and belief it was alleged that Prinn executed said note without knowledge of his partners, and that this was done in express violation of the partnership agreement; that no part of the money was used for partnership purposes.

Upon the issues thus made the cause was tried by the court with a jury and a verdict and judgment was rendered and entered for the plaintiff. This appeal is from the judgment, and the assignments of error involve only questions of law. *In limine,* the question as to what papers the record on appeal should contain is presented. The transcript contains the

pleadings, the verdict of the jury, the judgment of the court, the notice of appeal, a bill of exceptions and a stipulation of counsel. Section 4818 of the Revised Statutes provides, among other things, that in an appeal from a final judgment the appellant must furnish the court with a copy of the notice of appeal, the judgment-roll and of any bill of exceptions or statement in the case upon which the appellant relies, and also makes further provisions where the appeal is from an order granting or denying a new trial, but in the case at bar a new trial was not asked for. The bill of exceptions contained in the transcript contains much of the evidence given on the trial, and said bill of exceptions may be used upon this appeal in determining the assigned errors of law, although it may have been settled after the judgment-roll was made up.

It was held in *Caldwell v. Parks,* 47 Cal. 640, that a bill of exceptions based upon alleged errors of law occurring at the trial settled within thirty days after judgment was rendered, became a part of the record on appeal from the judgment and might be used for determining whether errors of law had been made in the trial of the case. So under the provisions of said section 4818, the record on appeal, when the appeal is from a final judgment, must contain the judgment-roll and any bill of exceptions or statement in the case, upon which the appellant relies. In our view of this case it is not necessary for us to specifically pass upon each of the errors assigned. It is conceded that the appellant, the Ada County Abstract Company, is a partnership, and that at the time the promissory note sued on herein was executed, was composed of three persons, to wit, Prinn, Wickersham and Ellsworth, and it appears without contradiction and is conceded by counsel for the respondent that before the commencement of this action said three partners had sold their interest in said business to E. E. Wright and the Capital State Bank. After purchasing said business said Wright and the Capital State Bank continued the same under the former name, the Ada County Abstract Company. It appears from the record that said Wright purchased the interests of Wickersham and Ellsworth, and thereafter made a contract for the pur-

chase of the said Prinn's interest, but it is not shown that said Wright, on the purchase of the two-thirds' interest in said business from Ellsworth and Wickersham, agreed to pay any of the indebtedness of the said firm, but it is contended that in the contract of purchase of Prinn's one-third interest, that Wright agreed to pay certain indebtedness of the said abstract company, among which was the indebtedness evidenced by the promissory note sued on herein. But it is not contended nor is it shown that Wright in his purchase of the interest of Wickersham and Ellsworth agreed to assume any of the indebtedness of the said firm, and we do not consider that the clause in the contract between Prinn and Wright, in regard to the indebtedness of the old firm, would bind the new firm for the payment of the said promissory note. Then the question is directly presented to the court whether in this action the Ada County Abstract Company, a partnership composed of Wright and the Capital State Bank, could be held liable to the creditors of the Ada County Abstract Company, a partnership which was composed of Prinn, Wickersham and Ellsworth, unless it be first shown that there was an agreement upon the part of the new firm to pay the debts of the old. The record does not show that there was any such agreement, and the authorities are uniform in holding that in order to bind an incoming partner, there must be a special promise to pay prior debts of the firm.

In 1 Lindley on Partnership, fourth edition, 392, it is stated: "In order to render an incoming partner liable to the creditors of the old firm, there must be some agreement, express or tacit, to that effect, entered into between him and the creditors and founded on some sufficient consideration. If there be such agreement, the incoming partner will be bound by it, but his liabilities in respect of the old debts will attach by virtue of the new agreement and not by reason of his having become a partner. And the agreement to be proved must be an agreement with the creditor; and of such an agreement, an arrangement between the partners is of itself no evidence." In order to hold an incoming partner for outstanding liabilities of the firm of which he becomes a mem-

ber, it must affirmatively appear that he in some way assumed the firm obligation. (*First Nat. Bank v. Simmons*, 98 Cal. 287, 33 Pac. 197; *Fuller v. Rowe*, 57 N. Y. 23.)

The partnership known as the Ada County Abstract Company which was served in this case with summons and appeared at the trial was not composed of either of the members of the firm of the Ada County Abstract Company that executed the promissory note sued on herein. The Ada County Abstract Company, which was made defendant in this case, was not the Ada County Abstract Company served with the summons in the case. It appeared at the trial that the latter was the successor of the former, and it being only a partnership, cannot be held for the indebtedness of the old partnership, unless it be first shown that they assumed and agreed to pay that indebtedness.

It is contended that the money for which the promissory note sued on was given was invested in the office furniture, etc., of the Ada County Abstract Company, composed of Prinn, Wickersham and Ellsworth, and that as they sold said furniture and property to the new partnership, the respondent ought to be permitted to pursue that property and hold it for the debt. We know of no law that would permit them to do that, unless they had such a lien thereon as is recognized by the laws of this state, and it is not claimed in this case that they had such a lien.

The judgment must be reversed, with directions to dismiss the action as to the Ada County Abstract Company, composed of Wright and the Capital State Bank. Costs are awarded to the appellant.

Stockslager, C. J., and Ailshie, J., concur.