(February 8, 1888.)

## PALMER et al. v. UTAH AND NORTHERN RAILWAY COMPANY.

[16 Pac. 553.]

Decision of Appellate Court—Law of Case.—The decision of the appellate court upon any matter properly before it on the records becomes the law of the case in all subsequent proceedings therein.

Responsibility of Railroad—Cannot Avoid.—A railroad company cannot avoid the responsibility of operating its road by allowing others to have the control and management of its roadbed or trains without the consent of the power whence it derives its franchises.

(Syllabus by the court.)

APPEAL from District Court, Bingham County.

P. L. Williams and W. H. Savidge, for Appellant.

The procedure in death by wrongful act cases, and the particular parties to them, are subject to statutory regulation, and only the parties named in the statute can sue. (*Hagen v. Kean,*

3 Dill. 124, Fed. Cas. No. 5899; *Kramer v. Railroad Co.*, 25 Cal. 435; *Carey v. Railroad Co.*, 48 Am. Dec. 635, note 4; *Dye v. Dye*, 11 Cal. 163.) The essential facts in every case must be averred directly, and cannot be left to inference. (*Harris v. Hillegass*, 54 Cal. 463; *Stringer v. Davis*, 30 Cal. 318.) The deceased was not a passenger, but an employee, at the time of his death. The court should therefore have admitted in evidence the pass on which the deceased was riding. (*Vick v. Railroad Co.*, 95 N. Y. 267, 47 Am. Rep. 36; 2 Rorer on Railroads, 1107; *Abend v. Railway Co.*, 17 Am. & Eng. R. R. Cas. 614, and cases cited in note.)

Smith & Smith, J. H. Hawley and H. M. Bennett, for Respondents.

*Quasi* public corporations, conducting great enterprises, like the operating of a railway, cannot absolve themselves from loss for the negligent conduct of that business, by simply leasing to some foreign or insolvent person or corporation, except such leasing be done by and with such consent of the legislative power which organized them and granted them their franchises. (2 Rorer on Railroads, sec. 22, p. 1115; *Macon etc. R. R. Co. v. Mayes*, 49 Ga. 355, 15 Am. Rep. 678; *Railroad Co. v. Winans*, 17 How. 39; *Nelson v. Railroad Co.*, 26 Vt. 717, 62 Am. Dec. 614; *Thorpe v. Railroad Co.*, 13 Hun, 70.) If the negligence of a master combines with the negligence of a fellow-servant, and the two contribute to the injury of another servant, himself free from negligence, the master is liable. (*Cayzer v. Taylor*, 10 Gray, 274, 69 Am. Dec. 317; *Booth v. Railroad Co.*, 73 N. Y. 38, 29 Am. Rep. 97, and note; *Paulmier v. Railroad Co.*, 34 N. J. L. 151; *Crutchfield v. Railroad Co.*, 76 N. C. 320.)

BUCK, J.—This is an action brought by the plaintiffs to recover damages for the death of William O. Palmer, alleged to have been killed in Bingham county on the eleventh day of December, A. D. 1885, through the negligence of the defendant in operating the train upon which deceased was riding at the time of his death. The cause was first tried in 1886, and on appeal to this court a new trial was granted: It was tried a second time, at the May term, 1887, and verdict rendered for the plaintiffs for damages in the sum of $16,702.85 and costs,

which was reduced to $10,000 by the court as a condition upon which the motion for new trial was overruled. It now comes up on appeal from the order overruling defendant's motion for a new trial for errors occurring on the second trial.

The appellant assigns six errors in his brief upon which he relies: 1. In overruling defendant's demurrer to the second amended complaint; 2. The refusal of the court to allow the defendant to amend its answer; 3. Excessive damages appearing to have been given under the influence of passion or prejudice; 4. Insufficiency of the evidence to justify the verdict; 5. That the verdict was against law; 6. Errors in law occurring at the trial and specified in the assignment of errors.

The order of the court in overruling the defendant's demurrer to the second amended complaint was considered on the former appeal of this case, reported in ante, p. 315, 13 Pac. 425, and sustained, and the ruling thereon becomes the law of this case. (2 Hayne on New Trial and Appeal, sec. 291; *Phelan v. San Francisco,* 20 Cal. 40; *Davidson v. Dallas,* 15 Cal. 82; *Ex parte Sibbald,* 12 Pet. 491; *Bridge Co. v. Stewart,* 3 How. 413; *Supervisors v. Kennicott,* 94 U. S. 498; *The Lady Pike,* 96 U. S. 462.)

The second error assigned is the overruling of defendant's motion to amend its answer after a new trial had been granted. Amendments to pleadings rest largely in the discretion of the court, and rulings thereon by the trial court will not be disturbed on appeal, except it appear that the exercise of such discretion has deprived the party complaining of some substantial right. It has been held that such amendments should not be allowed after a new trial has been granted (Bliss on Code Pleading, sec. 430; *Spanagel v. Reay,* 47 Cal. 608), nor when the amendments offered deny matters before admitted by the pleadings to be true. (Bliss on Code Pleading, sec. 430; *Harrison v. Hastings,* 28 Mo. 346.)

The complaint alleges that the defendant owned and operated its railroad and was a common carrier of passengers at the time the deceased was killed. This was not denied in the answer, and was therefore admitted and taken as true upon the first trial. The amended answer refused by the court denies that the defendant was operating said road or was a common carrier of passengers, and alleges that said road and trains upon it

were operated by another company, to wit, the Union Pacific Railway Company. The refusal of the court to allow the amendment is clearly sustained by the authorities above cited. An inspection of the proposed amended answer, however, sustains the ruling of the court upon the additional ground that it set up no defense to the action. Whether it was intended to set up matter in avoidance of facts alleged in the complaint, and not denied in the answer, or to deny such facts and to set up a new defense, is not clear. The purpose seems to have been to set up new matter which would shift the responsibility of operating the defendant's road from the defendant to the Union Pacific Railway Company, who are alleged therein to have been in the exclusive possession of defendant's road, and the owners of and operating the train upon which deceased was riding at the time of the accident, resulting in his death. The amended answer does not explain the relation existing between defendant and the Union Pacific Railroad. It simply alleges that said Union Pacific Railroad was at the time and since in the exclusive possession of its roads, and operating its trains. All that is set up in the said amended answer might be true, and yet the Union Pacific Railroad be but the employee of defendant. In either event, we think the defendant could not so shift the responsibility of operating the road without the consent of the power whence it obtained its franchise, and as no such consent was alleged, the proposed amended answer set up no defense to the action, and the motion to file the same was properly denied. (*Abbot v. Railroad Co.,* 80 N. Y. 27, 36 Am. Rep. 572; *Macon etc. R. R. v. Mayes,* 49 Ga. 355, 15 Am. Rep. 678; *Railroad Co. v. Brown,* 17 Wall. 445; 2 Rorer on Railroads, 1115, sec. 22.)

The third point made by appellant is that the damages allowed by the jury were excessive, appearing to have been given under the influence of passion and prejudice. Our code, section 192, provides that in actions of this nature "such damages may be given as under all the circumstances of the case may be just."

The fourth alleged error urged by appellant is that the evidence is insufficient to sustain the verdict. An examination of the evidence fails to convince the court that either the third or fourth assignment of error is well taken.

Points decided.

The fifth error assigned by appellant is that the verdict is against law, and the sixth error of the court occurring on the trial.

It is urged under these two points that the jury disregarded the instructions of the court in finding the damages given the plaintiffs, and that the court erred in its rulings as to the admission of evidence and as to the amendments of the pleadings. The ruling as to the pleadings we have already considered. We have carefully examined the instructions of the court and the rulings as to the admission of evidence, and find no error.

No error appearing on the record, the judgment is affirmed.

Hays, C. J., and Broderick, J., concurring.