92   419<br>120   516

[No. 12982.   In Bank. — December 18, 1891.]

H. W. TAYLOR, APPELLANT, *v.* C. D. FORD, RESPONDENT.

TRIAL BY JURY—ACTION TO DETERMINE ADVERSE CLAIM — PROMISSORY NOTE — CROSS-COMPLAINT — ANSWER — DEFENSES TO NOTE — COMMON-LAW ISSUES. — In an action under section 1050 of the Code of Civil Procedure to have determined an adverse claim which the defendant asserted against the plaintiff upon a promissory note, where the defendant filed an "answer and cross-complaint" which was in form and substance a complaint upon the note, with a prayer for judgment against the plaintiff for the amount due thereon, and the plaintiff answered the cross-complaint, setting up want of consideration and other defenses, the issues thus joined are triable by jury in the ordinary course of law, and it is error for the court to refuse to allow the plaintiff a jury trial, upon demand thereof by him, without previous waiver of his right.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Charles F. Hanlon,* for Appellant.

*Page & Eells,* for Respondent.

McFARLAND, J. — This action was brought under section 1050 of the Code of Civil Procedure, to have determined an adverse claim which defendant asserted against plaintiff upon a certain promissory note for $8,509.85. Defendant filed a pleading styled "an answer and cross-complaint," which was in form and substance a complaint upon said promissory note, with a prayer for judgment against plaintiff for the amount due thereon. Plaintiff answered, setting up want of consideration and other defenses. At the proper time, plaintiff demanded a jury. The court denied this demand, and proceeded to try the case without a jury, and subsequently rendered judgment against plaintiff for the amount which the court found to be due upon the note. Plaintiff appeals.

In refusing the demand for a jury, the court erred. The issues raised by the cross-complaint and the answer thereto were triable in the ordinary course of law, and by a jury, unless waived. It was a common-law action upon a promissory note, with a defense of want of consideration; and the case comes clearly within the principles stated in *Donahue* v. *Meister*, 88 Cal. 121.

The judgment and order are reversed, and the cause is remanded for a new trial.

DE HAVEN, J., GAROUTTE, J., SHARPSTEIN, J., HARRISON, J., and BEATTY, C. J., concurred.

Rehearing denied.