'(July 1, 1903.)

## PARKE v. BOULWARE.

[73 Pac. 19.]

CONFLICT OF EVIDENCE—FINDINGS OF FACT—AMENDMENT OF PLEADINGS—STARE DECISIS.

1. Where there is a substantial conflict in the evidence the findings of the trial court will not be disturbed.

2. When a judgment has been reversed and the cause remanded for a new trial, the allowance of amendments to the pleadings is in the sound discretion of the court.

3. The doctrine or rule of *stare decisis* applies when a decision of a court has been recognized as a law of property, and forms a definite basis for contracts and business transactions. Said rule has no application in this case.

(Syllabus by the court.)

APPEAL from District Court of Cassia County. Honorable Lyttleton Price, Judge.

· Action to recover damages for destruction of dams and for an injunction. Judgment for defendants. Affirmed.

The facts are stated in the opinion.

Hawley & Puckett, for Appellant.

. The proposition that we wish to urge is,. that the court erred in permitting the defendants to file an amended answer herein, and upon which this cause was tried. In the first place, as we have before stated, this case has been tried in the lower court and appealed to this court and reversed and sent back for a new trial, and we contend that it was error for the court when this case came up for trial to permit the defendants to file an amended answer for the reasons set forth, among others, in our motion to strike same from the files, and it is too late after a cause has been once reversed by this court to propose and file an amended answer. *(Palmer et al. v. Utah Ry. Co.,* 2 Idaho, 350 (382), 16 Pac. 553.) We are aware of the fact that the decisions generally hold that amendments to pleadings rest largely in the discretion of the trial court, and the ruling thereon by the trial court will not be disturbed on appeal except it appear that the exercise of such discretion has deprived the complainant of some substantial right, but we contend that such amendments should not be allowed after a new trial has been granted. (Bliss on Code Pleading, sec. 430; *Spanagel v. Reay,* 47 Cal. 608.) And especially so where amendments filed deny matters before admitted by the pleadings to be true. (*Harrison's Admrs. v: Hastings,* 28 Mo. 346.) And it will be seen by an examination of the amended answer filed herein, as pointed out by our motion to dismiss the same, that the allegations admitted 'in the original answer were denied in the amended answer, and, in fact, a new cause of action set up therein. We further contend in this case that the decision of this court heretofore made upon the former appeal is the law of this case. It was decided upon the former appeal, to wit, *Parke v. Boulware,* 7 Idaho, 490, 63 Pac. 1045, that the ownership of a ditch may be separate from any water right, and further, that anyone may adopt as part of his ditch a depression, slough, or high-water channel, and that his right to the

possession and uses thereof is protected the same as if such ditch had been wholly artificial. So that being the law of the case, we contend that there was nothing to retry upon the second hearing. (1 Kent's Commentaries, 475, 476; *Giblin v. Jordan,* 6 Cal. 416; *Pioche v. Paul,* 22 Cal. 109; *Vassault v. Austin,* 36 Cal. 696; *Smith v. McDonald,* 42 Cal. 484; *Lindsay v. Lindsay,* 47 Ind. 286; *Day v. Munson,* 14 Ohio St. 488; *Boone v. Bowers,* 40. Miss. 256, 64 Am. Dec. 159; *Emerson v. Atwater,* 7 Mich. 23; *Reed v. Owenby,* 44 Mo. 206; *Kneeland v. Milwaukee,* 15 Wis. 691; *Willis v. Owen,* 43 Tex. 48.)

W. L. Maginnis, for Respondents.

The first error assigned is the overruling of plaintiff's motion: to strike out amended answer in the case and permitting said answer to stand. The appellant in arguing this case tries to. make it appear that the amended answer changes the issues in the case so as to be an entirely new case. The appellant cites a long line of cases to support the doctrine of *stare decisis,* but from a reading of them we fail to see their application to this case. Each and everyone of them are cases in which the validity of the law is in question upon which land titles are based, and the courts in passing upon them chose. the lesser of the evils and say the law will be permitted to: stand, although bad, rather than set it aside and suffer the consequences of the uncertainty and the violent and sudden change, and. as is said in *People ex rel. Attorney General v. Alturas County,* 6 Idaho, 418, 55 Pac. 1067, cited by appellant: "The fifth, sixth and seventh errors assigned are the admission by, the court of certain evidence alleged by the appellant to be, improper and incompetent, and the same should have been refused. Which cannot avail the appellant anything in this case, even though it be improper, which we deny. Because the rule of law in this class of cases is that the admission of incompetent evidence is not reversible error." (*King v. Pony Gold. Min. Co.,* 28 Mont. 74, 72 Pac. 309, and cases cited at the top of page 316; *Merchants' Nat. Bank v. Greenhood,* 16 Mont. 395, 41 Pac. 250, 851.) "A decision on a question of fact will not be reviewed where the record does not purport to con-

tain all of the evidence." (*Bradford v. Cline*, 12 Okla. 339, 72 Pac. 369.) The rule of law is that if the testimony is conflicting, but tends to sustain the decision, the appellate court will not disturb it on appeal. (*Wicks v. Carlysle*, 12 Okla. 337, 72 Pac. 377.)

SULLIVAN, C. J.—This action was brought to recover $500 damages for an alleged wrongful destruction of certain dams alleged to have been situated in appellant's irrigating ditch, by means of which appellant raised water out of his said ditch onto his land for irrigating purposes, and also for a perpetual injunction restraining respondent from interfering with said dams and ditches or the flow of the water therein. The defendants (who are respondents here) answered and denied that appellant or his predecessors in interest constructed the water channel claimed by him as a ditch, and averred that the same is one of the natural channels of Cassia creek, through which water has, from time beyond the memory of man, ever flowed, and that said channel was known as the north fork of Cassia creek; that said channel had been used by respondents and their predecessors in interest for more than twenty years to convey the water appropriated by them from Cassia creek to and upon their lands, and averred that the use of said channel by appellant has been in common with that of respondents, and denied that they had cut away and removed said dams or that they threatened to remove the same.

This case was before this court on appeal, at its January, 1901, term, and the decision is reported in 7 Idaho, 490, 63 Pac. 1045. On that appeal the cause was remanded with instructions to grant a new trial. The new trial was granted and the respondents were permitted to amend their answer. Plaintiff waived his claim for damages. The cause was tried by the court without a jury. Judgment was entered for defendants, dissolving the temporary injunction and dismissing the case. A motion for a new trial was denied, and this appeal is from that order.

The first error assigned and presented in the brief of counsel for appellant is the insufficiency of the evidence to sustain

certain findings of fact. It is contended that the first, second, third, fourth, fifth, sixth, seventh, eighth and ninth findings of fact are not supported by the evidence. Said findings are in effect as follows:

That Cassia creek is a stream of water flowing through a certain portion of Cassia county, Idaho, and empties into Raft river in said county and state; that said Cassia creek divides into several branches or channels on its course toward said river, which division of the stream into such channels occurs above and up said stream from the lands of the parties to this action; that in high water the said stream flows through some or all of the said channels; that the appellant owns certain farming land, a short distance down the stream from the point where one of these channels (being the one involved herein), and sometimes called north fork, sometimes called Cow creek, and sometimes having no name to designate it, finds its head; that to irrigate the said land the appellant and his predecessors have, for years past, maintained a dam in Cassia creek immediately below the junction of said so-called Cow creek channel with Cassia creek and a ditch about five rods long leading from Cassia creek above said dam to the said so-called Cow creek channel, by which means he has diverted the water at seasons when the same would not naturally flow therein into said Cow creek channel, and thence upon and across his said farming lands; that he has built several dams in said Cow creek channel for the purpose of flowing the water thus turned into said channel upon his said farming lands to irrigate the same; that the respondents are husband and wife and own certain lands down stream below appellant's said lands which require irrigation, and also own certain water, or the right to the use thereof out of Cassia creek which they are entitled to take for the irrigation of said lands; that to use said water for such purpose the respondents for a long time past used the same by means of diversion from Cassia creek which the appellant now uses, and used conjointly with the plaintiff and his grantors the said Cow creek channel as a means of conduit therefor; that both parties to this action have been decreed the right to the use of certain water from said creek; that several years

prior hereto the plaintiff objected to defendants' use of said dam and ditch for the purpose of diverting water for their uses aforesaid and required them to discontinue it; that thereupon respondents constructed a new dam farther up the stream and a short distance above the aforesaid dam from which they conducted water from Cassia creek into the said channel; that thereupon and shortly afterward the appellant tore out said dam and destroyed it; that thereafter the appellant, on two or more occasions, granted the defendants the right to convey water from said first-mentioned dam through said five rod ditch into said channel and thence upon their said lands; that afterward the appellant refused to further permit the respondents to obtain any water through said channel, and so constructed his dams therein that no water would pass them and thereby deprived the respondents of any of the waters out of said channel, except such as flowed back into said channel after being used upon appellant's said lands; that thereupon the defendants went upon said channel and removed the appellant's said dams therefrom; that said dams and ditches by which water is diverted into said channel from said creek was constructed about the year 1872; that it was jointly maintained for a number of years and until this controversy arose by the defendant Boulware and plaintiff's predecessor; that said channel called Cow creek is a natural water channel of Cassia creek; that the waters of said creek do not flow therein as in former years because of the lesser quantity of water in the stream above, and by reason of the waters which are taken out from said stream for irrigation and otherwise; that it is a natural water channel and a part of said creek; that the defendants have used said channel as a means of diversion of their water since the year 1880, except when prevented therefrom by plaintiff, and have diverted the same into said channel at the same place, to wit, at and above the dam first mentioned herein; that said channel has also been used as a means of conveying water for irrigation by other persons in common with plaintiff and defendants.

We have examined the evidence carefully, and while there is a decided conflict in it, we think the findings of fact are sus-

tained by it. That being true, under the well-settled rule that where there is a substantial conflict in the evidence the findings will not be disturbed, must be adhered to.

As above stated, this case was before this court at its January, 1901, term, and the judgment of the lower court was reversed and the cause remanded for a new trial, and before a retrial was had the respondents were permitted to amend their answer over the objection of counsel for appellants, and that action of the court is assigned as error.

It is contended that it is too late after a case has been remanded for a new trial to amend the pleadings, and in support of that contention counsel cite *Palmer v. Utah etc. Ry. Co.,* 2 Idaho, 350 (382), 16 Pac. 553.

In that case it was held that amendments to pleadings rest largely in the sound discretion of the court, and rulings thereon will not be disturbed on appeal unless it appears that such ruling has deprived the complaining party of some substantial right.

If a demurrer to a complaint or answer is overruled by the trial court, and on appeal it is determined that it should have been sustained, and the judgment is reversed and remanded, we do not think it will be seriously contended, under our liberal statutes on amendments of pleadings, that the trial court has no power to allow an amendment, if the defeated party desires to amend. It is held by very respectable authority, however, that after a case has been reversed on appeal and remanded for new trial, the defendant should not be allowed to amend his answer so as to deny a material allegation of the complaint which had been admitted under the original verified answer. (*Spanagel v. Reay et al.,* 47 Cal. 608; Bliss on Code Pleading, sec. 430.)

The amendments complained of in no manner conflict with the denials or averments of the original answer. The provisions of section 4229, Revised Statutes, in regard to amendments are very liberal, and we conclude that after a case has been reversed on appeal and remanded for a new trial, the allowance of amendments to the pleadings is in the sound discretion of the court, and that the court did not err in the case at

bar in permitting the respondents to amend their answer. The amendments were not such as would estop respondents from making them, by any admission in the original verified answer.

It is also contended that the decision in this case by this court on the former appeal is the law of the case, and that as it was there held that the ownership of a ditch may be separate from any water right, and that one may adopt as part of his ditch a depression, slough or high-water channel, and that his right to the possession and use thereof will be protected, the same as if such ditch were wholly artificial, and it is urged, that being true, there was nothing to retry on the second trial of this case, for the reason that the appellant alleges in his complaint that he and his grantors and predecessors in interest, have during all the time since 1879, had said ditch assessed against him, and had paid territorial, state and county taxes thereon, which allegation, it is contended, is not denied by the original or amended answer, and for that reason said allegation must be taken as true.

We are unable to agree with counsel in said contention. The denials and averments of the amended answer are sufficient to and do put in issue said allegation.

In this court's decision on the former appeal it was held that the evidence was insufficient to sustain the special verdict of the jury which was adopted by the trial court as its findings of fact. But under the pleadings and evidence in the trial had after the cause was remanded, we think the court's findings are sustained by the evidence, and that the evidence shows that the channel claimed by appellant as his ditch is one channel of Cassia creek, and that respondents have the right to run water through it. That conclusion, however, in no manner conflicts with the rule stated in that decision that the ownership of a ditch may be separate from any water right, and that one may adopt as part of his ditch a depression, slough or high-water channel, and have his right to the possession and use thereof protected the same as if such ditch had been wholly artificially made. But on the trial the court, in substance, found that respondents have the right to the use of certain water out of Cassia creek, and that they had for a long time past used con-

jointly with the appellant and his grantors the said Cow creek channel through which to conduct such water, and had so used said channel since the year 1880, except when prevented by appellant, and we think the evidence is sufficient to sustain that finding. And for that reason it is not shown that appellant had adopted said Cow creek channel as a part of his ditch to the exclusion of respondents.

The doctrine of *stare decisis* is not applicable to this case. We cannot regard that rule as showing any application to this case. That rule or doctrine grew out of the necessity for a uniform and settled rule of property and to form a definite basis for contracts and business transactions.

In our former opinion in this case, had we intended to hold that appellant was the absolute owner of said Cow creek channel, and that respondents had no right to run water through it, we would not have sent the case back for a new trial, but would have reversed the judgment in favor of defendants and directed judgment in favor of plaintiff. Other errors are assigned which we have considered and find no reversible error in the record.

The judgment is affirmed and costs of this appeal are awarded to respondents.

Stockslager, J., took no part in the decision of this case, for the reason that the rights of these respective parties had been litigated before him while sitting as a district judge.

Ailshie, J., concurs.