Points Decided.

(February 12, 1909.)

# JOHN HAVLICK, Respondent, v. R. L. DAVIDSON and WILL A. DAVIDSON, Appellants.

[100 Pac. 91.]

MOTION FOR NEW TRIAL—APPEAL—UNDERTAKING ON APPEAL—STATEMENT ON MOTION FOR NEW TRIAL—FILING BRIEFS—ORAL CONTRACT FOR THE SALE OF REAL PROPERTY—STATUTE OF FRAUDS—AMENDING COMPLAINT.

1. An appeal from an order overruling a motion for a new trial will be dismissed where the record does not disclose that the court entered an order overruling such motion.

2. An undertaking on appeal from a judgment is sufficient where it is to the effect that the appellant will pay all damages and costs which may be awarded against the appellant on the appeal or on a dismissal thereof, not exceeding $300.

3. A statement on motion for new trial, appearing in the record properly certified and made a part thereof, will not be stricken from the transcript although the appeal is taken more than sixty days after the entry of judgment, but may be considered by the appellate court for the purpose of determining whether the trial court committed any errors of law during the progress of the trial.

4. An appeal will not be dismissed under the rules of this court where counsel for appellant have failed to file briefs but do appear and argue the case orally.

5. An oral contract for the conveyance of real property or under which the title thereto is acquired may be enforced, and is binding upon the parties thereto, and is not within the statute of frauds, where there is partial or complete performance of the same.

6. Where an agreement is entered into between H. and D., by which H. is to furnish the money for the purchase of real property and the title is to be taken in the name of D., and thereafter to be transferred by D. to H., such contract is not within the statute of frauds and may be enforced by H.

7. Where a complaint is amended, it takes the place of the original, and the action of the trial court in overruling a demurrer to the original complaint becomes of no consequence and cannot be alleged as error on appeal.

8. Great liberality should be allowed in amending pleadings in furtherance of justice, and unless the exercise of the discretion vested in the trial court deprives the complaining party of some substantial right, it is not error.

(Syllabus by the court.)

APPEAL from the District Court of the Fourth Judicial District for Twin Falls County. Hon. Edward A. Walters, Judge.

Action to quiet title. Judgment for plaintiff. Defendants appeal. *Affirmed.*

W. P. Guthrie, and J. C. Rogers, for Appellants.

M. J. Sweeley, for Respondent.

Counsel file no briefs.

STEWART, J.—This is an action to quiet title to certain real estate situated in Twin Falls County, Idaho. The plaintiff alleges ownership, and, among other things, alleges:

"That he became such owner on or about the month of March, 1905, through and under a verbal agreement between him and the defendant, R. L. Davidson, by which agreement and pursuant thereto the plaintiff furnished to the said defendant the necessary amount of money to purchase the same, and the said defendant at said time agreed with the plaintiff that when the title to said land was complete in said defendant he, the said R. L. Davidson, would then make deed conveying the same to the plaintiff; that pursuant to said agreement the said R. L. Davidson made purchase of said real estate and took all papers and contracts relating thereto in his own name."

To this complaint the defendant filed a demurrer alleging, first:

"That the complaint of the plaintiff does not state facts sufficient to constitute a cause of action; second, that the plaintiff's complaint is ambiguous, unintelligible and uncertain; third, there is a defect and misjoinder of parties defendant; fourth, that the plaintiff has no legal capacity to sue."

The demurrer was overruled. The defendants answered putting in issue the allegations of the complaint, and also filed a cross-complaint upon behalf of the owner of said property.

Upon these issues the case went to trial. After the conclusion of the testimony the plaintiff offered and was permitted to file an amendment to the complaint. The sufficiency of the complaint after this amendment was not challenged. The cause was tried to the court and findings were made and judgment rendered in favor of the plaintiff. A statement of the case was prepared and allowed. The defendants' appeal is from the judgment and also from the order overruling defendants' motion for a new trial.

In this court the respondent moves to dismiss the appeal, first, upon the ground that an undertaking as required by law was not filed or a deposit made in lieu thereof; second, because the appeal is taken from an order overruling a motion for new trial when it does not appear from the record that any order overruling a motion for a new trial was ever made or entered by the trial court. This motion was sustained as to the appeal from the order overruling the motion for a new trial, for the reason that the record does not show that any motion was ever made or order entered overruling the motion for a new trial. The motion was overruled, as to the appeal from the judgment, for the reason that the undertaking given was sufficient to effect an appeal from the judgment, it being in effect for the payment of all damages and costs which may be awarded against the appellant on the appeal or on dismissal thereof not exceeding $300.

Respondent also moved in this court to strike from the transcript all that part which purports to set forth the testimony, the same being incorporated in a statement of the case on motion for a new trial, for the reason that the appeal was not taken within sixty days after the entry of judgment. This motion was overruled for the reason that the portion of the transcript, to which the motion is addressed, was proper, and can be considered by this court for the purpose of determining whether the trial court committed any errors of law during the progress of the trial, but not for the purpose of reviewing the evidence. (*Steve v. Bonners Ferry Lumber Co.,* 13 Ida. 384, 92 Pac. 363; *Young v. Tiner,* 4 Ida. 269, 38 Pac. 697; *Bradbury v. Idaho & Oregon Land Imp. Co.,*

2 Ida. 239, 10 Pac. 620; *Bank of Commerce v. Ada County Abstract Co.,* 11 Ida. 756, 85 Pac. 919.)

The respondent also moves to affirm the judgment, for the reason that the appellants have not served their briefs as required by the rules of this court. This motion was overruled, for the reason that while Rule 49 of this court requires that before the time of calling a cause for argument both parties shall file with the clerk at least six copies of their briefs, yet the penalty fixed by Rule 51 only authorizes this court to dismiss an appeal when neither side has submitted a brief or "is represented by counsel in court." While the rules of this court contemplate the filing of briefs, yet if briefs are not filed and counsel appear and argue the case orally, the failure to file briefs is not alone ground for dismissing the appeal. This court has not been favored with a brief from either side. The respondent is excusable as he could not intelligently prepare a brief until he was favored with the brief of appellant. There is, however, no excuse upon the part of the appellants.

The cause was argued orally, and the only questions presented and to be considered by this court are the errors alleged to have occurred and appearing in the record during the progress of the trial. The first error complained of is the overruling the defendant's demurrer to the complaint. This alleged error is based upon the contention that the complaint does not state a cause of action, for the reason that plaintiff seeks to recover the title to real property under an oral agreement; therefore falls within the statute of frauds. An examination of the complaint, however, discloses that while plaintiff alleges that he became the owner of the property in controversy through and under a verbal agreement, yet the complaint does allege the full performance of such agreement by the plaintiff and the payment to the defendant of the purchase money agreed to be paid under said agreement. This allegation takes this case out of the operation of the statute of frauds.

In the case of *Barton v. Dunlap,* 8 Ida. 82, 66 Pac. 832, this court held:

"An oral agreement, where there is part performance for the sale of real estate, may be enforced under sec. 6008 of the Revised Statutes of this state."

In the case of *Fleming v. Baker,* 12 Ida. 346, 85 Pac. 1092, this court again adhered to this same doctrine and said:

"It clearly appears that the complete performance of said agreement was had between the parties, except the passing of deeds, and that clearly brings this case within the provisions of sec. 6008 of the Revised Statutes" . . . . By reason of the part performance of said contract, it does not come within the statute of frauds prohibiting oral sales of real estate." (*Hill v. Den,* 121 Cal. 42, 53 Pac. 642.)

While the complaint bases the plaintiff's right to recover upon an oral agreement, it also alleges full performance thereof by the plaintiff by the payment of the purchase price. This allegation takes the case out of the operation of the statute of frauds. The appellants are also precluded from urging the ruling of the court upon the demurrer, as error upon this appeal, even though the court did err in overruling the demurrer. This court has held that where a complaint is amended, it takes the place of the original, and the action of the trial court in overruling a demurrer to the original complaint becomes of no consequence and cannot be alleged as error on appeal. (*Andrews v. Moore,* 14 Ida. 465, 94 Pac. 579.)

So in this case the amended complaint filed superseded the original, and the action of the trial court in overruling the demurrer to the original complaint becomes of no consequence. The sufficiency of the complaint as amended was not called in question.

Various objections have also been presented with reference to the admission of certain evidence. These various objections are based upon the statute of frauds, the appellant contending that such facts were not admissible, for the reason that the evidence offered tended to show an oral contract for the sale of real property. This evidence, however, was admissible where it is also shown that the contract was completely performed by one of the parties thereto, and the facts

take the case out of the statute of frauds. (Rev. Codes, sec. 6008; *Deeds v. Stephens,* 8 Ida. 514, 69 Pac. 534.)

The next error complained of is the permission given plaintiff to amend his complaint after the evidence was concluded. This was not error, as great liberality should be shown in allowing amendments to be made in furtherance of justice, and unless the exercise of the discretion vested in the trial court deprives the complaining party of some substantial right, it is not error. (*Kroetch v. Empire Mill Co.,* 9 Ida. 277, 74 Pac. 868; *Parke v. Boulware,* 9 Ida. 225, 73 Pac. 19; *Palmer v. Utah etc. Ry. Co.,* 2 Ida. 382, 16 Pac. 553; *Small v. Harrington,* 10 Ida. 499, 79 Pac. 461; *Idaho Placer Mining Co. v. Green,* 14 Ida. 294, 94 Pac. 161.)

This disposes of all the questions presented upon this appeal. The judgment is affirmed. Costs awarded to respondent.

Ailshie, J., concurs.