(July 3, 1924.)

## W. F. HOY, Respondent, v. E. B. ANDERSON, Appellant.

[227 Pac. 1058.]

CONTRACT—PLEADING—AMENDMENT—DISCRETION OF COURT—DEMURRER
—STATUTE OF FRAUDS—INSTRUCTIONS—EXCEPTIONS—EVIDENCE OF
HEARSAY.

1. The granting or refusing of amendments to pleadings rests
in the sound discretion of the trial court, and only when it affirma-
tively appears that such discretion has been abused will its ruling
be disturbed.

2. Record examined and *held* that court did not abuse its dis-
cretion in permitting amended complaint to be filed.

3. Amended complaint examined and *held* that contract pleaded
does not come within the provisions of C. S., sec. 7976, subd. 2,
in that the same does not contain a promise to answer for the
debt, default or miscarriage of another, and that the court prop-
erly overruled the demurrer upon that ground.

4. Questioned instructions reviewed and *held* properly given.

5. Requested instructions contained in the record will not be
reviewed unless the same contain a notation in writing by the
judge or court that the same have been refused, as required by
C. S., sec. 6879.

6. Record examined and judgment *held* not contrary to law and
also supported by the evidence.

APPEAL from the District Court of the Eleventh Judi-
cial District, for Cassia County. Hon. Wm. A. Babcock,
Judge.

Action on contract. Judgment for plaintiff. *Affirmed.*

S. T. Lowe, for Appellant.

The tests whether an amended petition states a new cause
of action, within C. S., sec. 5707, permitting amendments
which do not substantially change the claim or defense, are
whether the same evidence will support both pleadings;
whether the same measure of damages is applicable in both
cases, and whether a recovery on the amended pleading will

bar a recovery on the original. (*Finley v. Pew,* 28 Wyo. 342, 205 Pac. 310, 206 Pac. 148.)

If a contract be stated at all in the amended complaint it is a contract within the statute of frauds, to answer for the debt, default or miscarriage of another, which is not in writing and was therefore void under C. S., sec. 7976. (*Bank of Jordan Valley v. Oliver* (Or.), 221 Pac. 1067; *Masters v. Bidler,* 101 Or. 322, 198 Pac. 912, 199 Pac. 920; *McClenahan v. Keyes,* 188 Cal. 574, 206 Pac. 454; *Harris v. Frank,* 81 Cal. 280, 22 Pac. 856; 20 Cyc. 182, 183; *Edelman v. McDonald,* 126 Cal. 210, 58 Pac. 528; *Johnson v. Bank,* 60 W. Va. 320, 9 Ann. Cas. 893, 55 S. E. 395; *Freeman v. Hampton,* 67 Colo. 90, 185 Pac. 251.)

The complaint does not allege that the defendant ever received anything from the potatoes or that the plaintiff was damaged. (13 C. J. 732, sec. 864; *Morrison v. American Developing & Mining Co.,* 5 Ida. 77, 47 Pac. 94.)

The instruction set forth in assignment of error No. 3 does not correctly state the law, for it advises the jury that a promise will be treated as an original promise, notwithstanding the person to whom the advances are made is equally liable. (*Richardson Press v. Albright,* 224 N. Y. 497, 8 A. L. R. 1195, 121 N. E. 362.)

The court erred in giving to the jury the instruction set forth as assignment of error No. 5, for the instruction invades the province of the jury and endeavors to instruct them as to the weight to be given to certain evidence. (*Quint v. Diamond,* 147 Cal. 707, 82 Pac. 310; *Estate of Carpenter,* 94 Cal. 406, 29 Pac. 1101; *McNeil v. Barney,* 51 Cal. 603; *People v. Fong Ching,* 78 Cal. 174, 20 Pac. 396; *Kauffman v. Maier,* 94 Cal. 269, 29 Pac. 481, 18 L. R. A. 124; *Grayson v. Damme,* 59 Okl. 214, 158 Pac. 387.)

The court erred in permitting the plaintiff to answer the question quoted in assignments of error Nos. 9 and 10, for the answers elicited by the questions were purely hearsay, and did not come within any of the exceptions to the hearsay rule. (*Kier v. Hill,* 8 Ida. 111, 66 Pac. 931; *Wilson v. Vogler,* 10 Ida. 599, 79 Pac. 508.)

W. R. Griswold, for Respondent.

The court did not err in permitting the plaintiff to file his amended complaint. (*Harrison v. Russell,* 17 Ida. 196, 105 Pac. 48; *Lowe v. Long,* 5 Ida. 122, 47 Pac. 93; *Small v. Harrington,* 10 Ida 499, 79 Pac. 461; *Kroetch v. Empire Mill Co.,* 9 Ida. 277, 74 Pac. 868; *Dunbar v. Griffiths,* 14 Ida. 120, 93 Pac. 654; *Rankin v. Caldwell,* 15 Ida. 625, 99 Pac. 108; *Havlick v. Davidson,* 15 Ida. 787, 100 Pac. 91; *Panhandle Lumber Co. v. Rancour,* 24 Ida. 603, 135 Pac. 558; *Pennsylvania etc. Co. v. Gallagher,* 19 Ida. 101, 112 Pac. 1044; *Sweeney v. Johnson,* 23 Ida. 530, 130 Pac. 997.)

Nonprejudicial error is not grounds for reversal. (Sec. 6728, C. S.; *Work Bros. v. Kinney,* 8 Ida. 771, 71 Pac. 477; *Spongberg v. First Nat. Bank,* 15 Ida. 671, 99 Pac. 712; *Rosnagle v. Armstrong,* 17 Ida. 246, 105 Pac. 216.)

ENSIGN, District Judge.—This action was commenced by respondent to recover from appellant the sum of $617.50 alleged to have been advanced by respondent to O. C. Lott at the request of appellant, which forms the basis of respondent's first cause of action. In respondent's second cause of action he seeks to recover from appellant the sum of $150, the alleged reasonable value of storage furnished by respondent to said O. C. Lott, which appellant is alleged to have agreed to pay. To the complaint appellant answered denying specifically each and every allegation of each cause of action. Upon the issues thus framed the cause was tried to the court and a jury. Shortly before the conclusion of respondent's case permission was requested of the court to file an amended complaint to conform to the proof, which request was granted by the court over the objection of appellant. Counsel for appellant thereupon interposed a general and special demurrer to the amended complaint, which demurrer was overruled by the court. It was thereupon stipulated by and between the respective parties that the allegations of the amended complaint should be deemed denied, and the trial proceeded. After due deliberation the jury rendered a verdict in favor of respondent

in the sum of $483.82, upon which verdict judgment was duly made and entered. This appeal is taken from said judgment.

Twelve assignments of error are specified by appellant. The first is directed to the action of the court in permitting respondent to file his amended complaint. The rule is well established that the granting or refusing of amendments to pleadings rests in the sound discretion of the trial court, and only when it affirmatively appears that such discretion has been abused will its ruling be disturbed. (*Lowe v. Long,* 5 Ida. 122, 47 Pac. 93; *Small v. Harrington,* 10 Ida. 499, 79 Pac. 461; *Dunbar v. Griffiths,* 14 Ida. 120, 93 Pac. 654; *Rankin v. Caldwell,* 15 Ida. 625, 99 Pac. 108; *Havlick v. Davidson,* 15 Ida. 787, 100 Pac. 91; *Harrison v. Russell,* 17 Ida. 196, 105 Pac. 48; *Pennsylvania etc. Co. v. Gallagher,* 19 Ida. 101, 112 Pac. 1044; *Sweeney v. Johnson,* 23 Ida. 530, 130 Pac. 997; *Panhandle Lumber Co. v. Rancour,* 24 Ida. 603, 135 Pac. 558.)

In the first cause of action of the original complaint it is alleged that on or about October ——, 1920, respondent paid to one O. C. Lott, at appellant's request, the sum of $617.50; that appellant promised to pay the same to respondent; that demand for payment has been made but that appellant had not paid such sum or any part thereof.

In the second cause of action of the original complaint it is alleged that respondent, at appellant's request, furnished storage for certain potatoes belonging to one O. C. Lott, for which storage appellant agreed to pay a reasonable sum; that $150 is the reasonable value of such storage; that demand for payment was made by respondent but appellant has not paid the same or any part thereof.

The amended complaint, which contains but one cause of action, alleges as follows: That on or about Oct. 16, 1920, at the special instance and request of appellant, respondent advanced to one O. C. Lott the sum of $450, and at the same time delivered to said Lott potato sacks of the value of $162.50; that at said time it was agreed between appellant, respondent and Lott that the money was to be used

39 Idaho.—28

to pay the expenses of harvesting certain potatoes, and the sacks were to be used in handling such potatoes, the potatoes being covered by a chattel mortgage given by the said Lott to appellant; that such funds and the sacks were put to the use as agreed upon, and after the harvesting of the potatoes it was agreed between the three parties that such potatoes should be stored in a warehouse at Declo, Idaho, pending the sale thereof and that when sold the proceeds of said sale should be applied, first to the repayment of the money advanced and the cost of the sacks furnished, by respondent, and the balance of said proceeds to be applied upon the mortgage aforesaid; that after the harvesting of the potatoes, and the placing of the same in storage, appellant took possession of the potatoes under foreclosure proceedings and sold the same; that respondent made demand for payment but this appellant refused and neglected to pay the same.

It is the contention of appellant that by his amended complaint respondent attempted to set up an entirely new and different cause of action, urging that the original complaint set up a cause of action on contract and that the amended complaint set up a cause of action in conversion. With this contention we are not in accord. We do not think there is any material difference in the facts alleged. The amended complaint appears to be practically a reiteration of the facts contained in the original complaint and sets out the cause of action in greater detail by a relation of the surrounding circumstances. The suggestion that the amended complaint sets forth a cause of action in conversion is negatived by the allegations therein that the money and sacks were used by appellant pursuant to an agreement with respondent, and that respondent agreed to pay the money and the value of the sacks; hence we would say the cause of action is based on contract. Appellant relies upon the case of *Finley v. Pew,* 28 Wyo. 342, 205 Pac. 310, 206 Pac. 148, wherein the tests, as to whether an amended complaint states a new cause of action, are as follows: (1) Whether the same evidence will support both pleadings; (2) Whether the same meas-

ure of damages is applicable in both cases, and (3) Whether a recovery on the amended pleading will bar a recovery on the original. Applying the above tests, an examination of the evidence submitted by respondent discloses that the same will support both pleadings. It is apparent that the measure of damages is the same under both complaints, and there appears to be no question but that a judgment upon the amended complaint will bar a recovery upon the original.

C. S., sec. 6722, provides that: "No variance between the allegation in a pleading and the proof is to be deemed material unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits. Whenever it appears that the party has been so misled, the court may order the pleading to be amended upon such terms as may be just."

Appellant has not pointed out and it is not apparent to us that he was prejudiced in his defense by the filing of the amended complaint. (*Lowe v. Long, Small v. Harrington, Harrison v. Russell, Rankin v. Caldwell, supra; Kroetch v. Empire Mill Co.,* 9 Ida. 277, 74 Pac. 868; *Fralick v. Mercer,* 27 Ida. 360, 148 Pac. 906.)

Considering the rule above adopted that the granting or refusing of amendments rests in the sound discretion of the trial court and only where abuse of such discretion is clearly shown will its ruling be disturbed, and also the rule laid down by this court that great liberality should be shown in allowing amendments to pleadings in furtherance of justice between the parties, we are of the opinion that the district court did not err in permitting the amended complaint to be filed.

Appellant's second assignment of error is directed to the action of the trial court in overruling the demurrer to the amended complaint. It is first contended that the amended complaint does not allege that appellant promised or agreed to pay the money advanced or to pay the value of the sacks referred to. However, it is alleged that the money was advanced and the sacks delivered at the special instance and request of appellant, and this we think would raise an

implied promise on the part of appellant to pay the same. It is next urged that the amended complaint fails to show that respondent had any right, title or interest in or to the potatoes at the time they were sold. It is apparent that this contention is based upon the assumption that the amended complaint attempts to set forth a cause of action in conversion, and we have already determined that such is not the case; this feature of the matter is without merit. Appellant next urges that the complaint is demurrable for the reason that the contract upon which recovery is sought is a special promise to answer for the debt, default or miscarriage of another and must be in writing as provided by C. S., sec. 7976. The first ground of the demurrer is general and the second special, the latter being directed to alleged ambiguity, unintelligibility and uncertainty of the amended complaint.

We do not think the allegations of the amended complaint fall within the purview of C. S., sec. 7976, as contended by appellant in his demurrer. In *Storer v. Heitfeld*, 19 Ida. 170, 113 Pac. 80, this court held:

"When the consideration of a party's promise is for money to be furnished to or received by a third person, if the transaction be such that the third person remains responsible to the person who furnishes him with such money, such promise is collateral, and under the statute of frauds will not bind the party unless it be in writing."

There is no allegation in the said amended complaint that the third person (in this case Lott) was responsible, or remained responsible, to the person who furnished him with the money (in this case the respondent); nor is there any allegation that appellant was to pay a debt or default of Lott, or that there was any personal liability on his part so to do, or that there was any obligation on the part of appellant to pay respondent anything. On the other hand, as we read the pleadings, it was alleged to have been mutually agreed between the three parties, in consideration of the advancement to Lott by respondent of certain moneys, and the delivery to him by respondent of potato sacks of

certain value, that, upon the sale of said potatoes, the proceeds of said sale were first to be applied to the return of the cash so advanced to Lott by respondent upon request of appellant, including the payment of the value of the sacks as aforesaid; and the balance to be applied upon the mortgage indebtedness of Lott to appellant.

As to the amended complaint being ambiguous, unintelligible and uncertain, we think there is no merit in this contention.

It is insisted that the amended complaint failed to allege the quantity or amount of the potatoes, the value of the potatoes at the time of the foreclosure sale or that any money was due and owing from defendant to plaintiff. Inasmuch as we have determined that the amended complaint was not based upon conversion there was no necessity to allege quantity or the amount of the potatoes, or their value at the time of the foreclosure sale. We think, from an examination of the amended complaint that the allegation of demand and refusal and failure to pay the amount sufficiently pleads the fact, as against a general demurrer, that the money was due and owing. The demurrer to the amended complaint was therefore properly overruled.

As to appellant's assignments of error Nos. 3 and 4, in which he contends that the trial court did not properly state the law in certain instructions to the jury, we do not think the court committed error. We have carefully examined the instructions in question, and in view of the theory upon which this cause was tried and the questions of fact to be determined by the jury, are of the opinion that the same were properly given.

Appellant's assignment of error No. 5 is directed principally to a certain instruction of the trial court on the ground that the same invaded the province of the jury by instructing it as to the weight of certain evidence. The instruction reads as follows:

"Gentlemen of the jury, you are instructed that the mere fact that the plaintiff in this action charged the advances alleged to have been made to O. C. Lott, on said plaintiff's

books, is not conclusive evidence that the credit alleged to have been extended was extended to said O. C. Lott, that plaintiff's reason for so making such charge upon his books is open to explanation, and if you find in truth that such credit was extended to the defendant, E. B. Anderson, then in such case your verdict should be for the plaintiff."

While we think this instruction is perhaps objectionable and should not have been given in its above form, we do not regard it as reversible error in this case. It is quite evident to our minds that it was only the purpose of the court to instruct the jury that certain facts as indicated were as a matter of law open to explanation. This court has held that instructions given must be read and considered together as a whole, and in the light of the entire charge, given to the jury, and where they are not inconsistent, and can be reasonably and fairly harmonized, it will be assumed that the jury gave due consideration to the instructions as a whole rather than to an isolated portion thereof. (*Taylor v. Lytle*, 29 Ida. 546, 160 Pac. 942; *Lyons v. Lambrix*, 33 Ida. 99, 190 Pac. 356.)

Assignments Nos. 6, 7 and 8 attack the action of the court in refusing to give certain instructions. C. S., sec. 6879, provides, *inter alia*, that: "The instructions of the court to the jury, the refusal to give requested instructions where such refusal is noted in writing by the judge or court . . . . are deemed excepted to."

While these alleged instructions are contained in the record there is no notation in writing by the judge or the court that the same were requested and refused. It follows that such requested instructions are not properly here for consideration.

Appellant, in his assignment of error No. 9, complains of the action of the court in permitting respondent to testify to a conversation had with Lott, over the objection of appellant. The grounds of the objection are that the same was hearsay, that it was not shown that Lott was the agent or representative of appellant and that appellant was not present at said conversation. From an examina-

tion of the evidence we are of the opinion that the same was not hearsay, and also that the same was preliminary, and inasmuch as Lott was an interested party to the agreement in question we do not think the court erred in this respect.

In assignment of error No. 10, appellant complains of the action of the court in permitting evidence to be introduced as to the custom with reference to furnishing board in connection with harvesting potatoes, over appellant's objection. While we think this testimony was immaterial and beyond the issues involved, we are of the opinion that appellant was not prejudiced by the introduction of this evidence and that such error was harmless.

Appellant, in his 11th and 12th assignments of error, specifies that the judgment is not supported by the evidence and that the judgment is contrary to law. While these assignments appear, upon their face, to be insufficient, the particulars wherein the judgment is not supported by the evidence and wherein the judgment is contrary to law are set forth in another part of appellant's brief and are therefore properly here for consideration. (*Marnella v. Froman,* 35 Ida. 21, 204 Pac. 202.)

We have carefully examined the record and the law applicable to this case and have reached the conclusion that said assignments of error are without merit.

The judgment of the trial court will therefore be affirmed. Costs to respondent.

McCarthy, C. J., and Wm. E. Lee, J., concur.