[No. 3,903.]

## GEORGE SPANAGEL *v.* JOSEPH W. REAY AND JOHN S. ELLIS AND JAMES B. TOWNSEND, INTERVENOR.

INTERVENTION.—An *ex parte* order may be made allowing an intervention to be filed.

AMENDMENT TO ANSWER.—When a party admits in his answer, under oath, a material allegation of the complaint, and the case is tried, and a judgment rendered, and a new trial afterwards granted by the Supreme Court; on the return of the cause to the Court below the defendant should not be allowed to amend his answer by changing the admission into a denial.

GENERAL DEMURRER—EFFECT OF.—When a complaint contains several counts, one of which sets up a former judgment as estopping the defendants, a general demurrer does not raise the question of law, whether the judgment did estop the defendants.

ESTOPPEL IN LAW.—If the transcript on appeal is silent as to what evidence was introduced, the appellant cannot raise the question that a judgment pleaded by the other party as an estoppel was not an estoppel in law.

APPEAL from the District Court of the Fourth Judicial District, City and County of San Francisco.

This action was brought originally by Spanagel against Treadway and Dellinger, to set aside, as fraudulent, a deed made by Treadway to Dellinger for four fifty-vara lots in San Francisco. On the twenty-fourth of October, 1861, while Treadway was the owner in fee of the premises in suit, and while he was indebted to the plaintiff and to others for borrowed money, he executed a conveyance of the property to Dellinger without consideration, and to defraud his creditors, and the fraud was participated in by Dellinger. In January, 1862, the plaintiff commenced an

action a̲g̲a̲i̲n̲s̲t̲ Treadway to recover the money due him, and he attached the land in controversy to secure the payment of the judgment he was seeking. Subsequently, he obtained a judgment, in pursuance of which the property was sold by the Sheriff, the plaintiff becoming the purchaser; and no redemption having been effected, the Sheriff's deed passed to the plaintiff, Spanagel. In January, 1863, Spanagel claiming the legal title by virtue of the deed so obtained, brought this action to remove the cloud cast upon his title by the deed to Dellinger. In August, 1863, he filed an amended and supplemental complaint against the same defendants, and adding as defendants J. S. Ellis, Sheriff of San Francisco, and J. W. Reay, in which, after re-stating the foregoing facts, he alleged further that prior to the conveyance to Dellinger, an attachment suit had been commenced by one Davis, a creditor of Treadway, against Treadway, in which judgment was obtained by Davis, and under it two of the lots in controversy were, on the nineteenth of July, 1862, sold by the Sheriff to one Roper; that on the seventeenth of January, 1863, Dellinger, as successor in interest to Treadway, redeemed from the Sheriff's sale under the Davis judgment ; that on the same day the plaintiff, intending to effect a redemption from the sale, if one had not already been made, inquired of the Sheriff, Ellis, as to the matter, and was informed that Dellinger, as successor in interest to Treadway, had redeemed; and relying upon such information, took no further steps to redeem the lots; that two days thereafter—the nineteenth—Reay, with full knowledge of the redemption and of the fraudulent character of the conveyance to Dellinger, obtained from Roper an assignment of his Sheriff's certificate of sale, and also procured Dellinger to execute and deposit with one Sawyer, as an escrow, a deed for all his title in the four lots ; that on the twentieth of January, Reay and Dellinger went together to the Sheriff's office and withdrew the redemption money deposited by Dellinger; that these proceedings took place during the pendency of the suit, and after the filing of *lis pendens;* and that Reay, having received and recorded the deed from Dellinger, and pretending that

the lots had not been redeemed, had presented the certifi-
cate of sale under the Davis judgment, and demanded from
the Sheriff a deed to the three lots. The plaintiff asked
that Reay and Ellis be made parties to the suit, and that
they be enjoined, the one from making and other from de-
manding the deed under the Davis judgment. In October,
1863, Reay and Ellis, after demurring, answered. Reay
denied the material allegations as to the fraudulent-char-
acter of the deed to Dellinger; denied notice of fraud, and
the redemption, and alleged that the redemption money
was withdrawn by Dellinger before the time for redemption
had expired. Ellis also denied that the redemption had
been effected. Dellinger and Treadway also answered. A
trial was had, and judgment was rendered against all the
defendants. Reay and Ellis moved for a new trial; it was
denied, and they appealed. The order denying the new
trial was reversed, and a new trial was ordered. (38 Cal.
278.) The judgment against Treadway and Dellinger was
acquiesced in.

After the new trial was granted, in November, 1870, J. B.
Townsend, by leave of the Court, filed a petition of inter-
vention, alleging that he had acquired Spanagel's title to
the undivided half of two of the lots, to the whole of an-
other, and asking to be admitted as a co-plaintiff with him.
He also set out as a matter of supplement, that since the
joining of issue on the "amended and supplemental" com-
plaint, Spanagel had recovered a judgment against Tread-
way and Dellinger, declaring the deed in controversy fraud-
ulent and void, as against him; that Reay's title was ac-
quired during the pendency of the suit in which such judg-
ment was rendered, and after the filing of a notice of *lis
pendens* in it, as well as with actual notice of the fraudulent
character of Treadway's deed, and of the pendency of the
suit to set it aside; claimed that Reay was consequently
bound by the judgment, and prayed, in addition to the re-
lief asked in the complaint, that Reay be decreed to be
estopped by the judgment against his grantors, Treadway
and Dellinger. Spanagel filed a second "supplemental
complaint," setting up the same supplemental matter as
that in Townsend's intervention.

The Court made an *ex parte* order allowing Townsend to intervene.   The defendant moved to strike out Townsend's intervention as irregular, because leave to file it was granted *ex parte*.   The motion was denied.   Reay and Ellis filed a general demurrer to the petition of intervention and to the supplemental complaint.   The demurrers were overruled and they answered.   On the 21st of October, 1870, Reay and Ellis applied for leave to amend their original answer, which had been filed October 16th, 1863, so as to change the admission therein, that the money intended for the redemption of the lots sold under the Davis judgment was deposited with the Sheriff, to an allegation that it was deposited with one Struver, who was a book-keeper of the Sheriff, and not a deputy.   The applicants represented to the Court that they had become better acquainted with the facts of the case since the filing of the first answer, and deemed it advisable to make the change, and they claimed that they had been prevented by the appeal from the first judgment from applying sooner.   The Court refused the motion on the ground that Reay having admitted in a verified answer the deposit of the money by Dellinger with the Sheriff, was bound by the admission.   Judgment was rendered, declaring the deed from Treadway to Dellinger fraudulent and void, as against Spanagel and Townsend; that the redemption from the sale under the Davis judgment was effected by Dellinger as successor in interest to Treadway, and was valid; and enjoining Ellis from executing a deed to Reay.   The defendants, Reay and Ellis, appealed.

*J. M. Seawell,* for Appellants.

*Nathaniel Bennett, J. B. Townsend* and *J. T. Doyle,* for Respondents.

By the COURT:

1.   The intervention of Townsend was proper.
2.   The application to amend the answers of Reay and Ellis was correctly denied under the circumstances.

3. The demurrers to the amended and supplemental complaints were general, and were not pointed at those portions of the pleadings in which the judgment against Treadway and Dellinger was set up to estop the defendants Reay and Ellis, and the question, as to whether the judgment did estop Reay and Ellis in point of law, could not arise upon a demurrer of that character.

· 4. Nor does it appear in any wise that the judgment below against Reay and Ellis was based upon the former judgment against Treadway and Dellinger, or that the latter judgment was read in evidence or referred to in any wise at the last trial of the cause, for the purpose of an estoppel or for any other purpose.

The transcript is entirely silent as to what evidence was given at the last trial, and the findings of fact appearing in the record support the judgment.

Judgment affirmed.   Remittitur forthwith.