Antonio Revilla, Petitioner, *v.* District Court of San Juan, Respondent.

No. 588.   Argued December 5, 1927.—Decided January 30, 1929.

*José Sabater* for the petitioner.   *Angel Arroyo Rivera* for the plaintiff in the original action.

Mr. Justice Hutchison delivered the opinion of the court. Section 72 of the Code of Civil Procedure provides that—

"Any person may, before the trial, intervene in an action or proceeding, who' has an interest in the matter in litigation, in the success of either of the parties, or an interest against both. An intervention takes place when a third person is permitted to become a party to an action or proceeding between other persons, either by joining the plaintiff in claim of what is sought by the complaint, or by uniting with the defendant in resisting the claims of the plaintiff, or by demanding anything adversely to both the plaintiff and the defendant, and is made by complaint, setting forth the grounds upon which the intervention rests, filed by leave of the court, and served upon the parties to the action or proceeding who have not appeared, and upon the attorneys of the parties who have appeared, who may answer or demur to it as if it were an ordinary complaint."

The court below, on motion of plaintiffs in the original action, struck from the files a complaint in intervention, set aside an order for the citation of intervenor and of a new defendant, and quashed the summons issued and served pursuant to such order. The reason assigned for this action was that the complaint in intervention did not show a sufficient interest, in that the claim of intervenor was not against the firm Reglero & Castrillo but against Gerardo Castrillo, who was not a defendant in the principal action nor a necessary party thereto.

Zalduondo, Mier & Company, plaintiffs in the original action, have moved to quash a writ of certiorari issued at the instance of intervenor, Antonio Revilla. The motion to quash elaborates the reason given by the district judge for striking the complaint in intervention, and raises other questions which may be either incidentally disposed of or separately discussed after reaching a conclusion as to the merits of the main issue.

The original action was brought by a receiver in the name of Zalduondo, Mier & Company against Reglero & Castrillo, a mercantile firm, and Fidel Mier, a former managing partner of Zalduondo, Mier & Company. According to the complaint,.

Zalduondo, Mier & Company in November, 1919, sold and delivered to Reglero & Castrillo goods to the amount of seven thousand dollars ($7,000), and when the term of the plaintiff partnership expired in March, 1923, Fidel Mier assumed a joint and several liability for this amount.

Fidel Mier did not appear and a judgment by default was entered against him.

In July, 1924, Reglero & Castrillo answered, admitting nonpayment, denying all other averments of the complaint, and alleging in substance:

That in November, 1919, defendants purchased from plaintiffs goods to the amount of ten thousand three hundred seventy-four dollars thirteen cents ($10,374.13) upon the understanding that, as to such amount or as to the amount of any subsequent invoice, Reglero & Castrillo would be liable only for any excess over and above the sum of seven thousand dollars ($7,000); that the said sum of seven thousand dollars ($7,000) was the amount contributed to the firm Reglero & Castrillo by the partner Gerardo Castrillo, with the knowledge and consent of all the members of the firm Zalduondo, Mier & Company; and that the seven thousand dollars ($7,000) was the individual debt of the managing partner, Gerardo Castrillo, guaranteed by his cousin Fidel Mier, the managing partner of Zalduondo, Mier & Company.

That in April, 1920, during the absence of Fidel Mier, plaintiffs, through their managing partner Benito Zalduondo, transferred upon the books of Zalduondo, Mier, & Company the account of seven thousand dollars ($7,000), owed by Gerardo Castrillo, to the individual account of the partner Fidel Mier, and notified Ricardo Reglero, managing partner of Reglero & Castrillo, in order that the payments which were made by Reglero & Castrillo as interest on the seven thousand dollars ($7,000) and charged to the account of the partner Gerardo Castrillo might be credited to the account of Fidel Mier to whom the amount of such account had been charged upon the books of Zalduondo, Mier & Company;

that Benito Zalduondo continued to acknowledge receipt of interest credited to the account of Fidel Mier, ratifying continuously and without interruption the transfer and charging the said account to the account of Fidel Mier until December, 1921, when Fidel Mier returned from Spain and continued to collect in person the said interest.

That in an agreement executed before a notary public by Fidel Mier, Antonio Revilla and Reglero & Castrillo in September, 1922, Mier assigned to Revilla the claim referred to in the complaint.

That Gerardo Castrillo, on different dates through checks drawn by Reglero & Castrillo for various amounts charged to the account of the said Gerardo Castrillo, had paid to Antonio Revilla not only the interest upon such indebtedness but also a part of the capital, thus reducing the same to a balance of four thousand three hundred twenty-five dollars ($4,325), due in December, 1924.

That after the date of the transfer upon the books of Zalduondo, Mier & Company of the seven thousand dollar account against Gerardo Castrillo, neither the said Castrillo nor the firm of Reglero & Castrillo had been notified by Benito Zalduondo or by any other person of any change whatever as to such transfer, or of any release from the obligation to pay another, or of any difference as to the manner in which payments were to be made. And, upon information and belief, that Benito Zalduondo had canceled the transfer made by him in person upon the books of Zalduondo, Mier & Co. of the account against Castrillo to the individual account of Fidel Mier, crediting the amount of such claim to the account of Mier and charging the same to the account of Reglero & Castrillo, notwithstanding his knowledge of the fact that Gerardo Castrillo and not the firm of Reglero & Castrillo was the debtor, and without notifying then or thereafter either Gerardo Castrillo or Reglero & Castrillo of the cancellation of such entry,—that Fidel Mier, upon his return from Spain canceled in turn

the entry made without his knowledge or consent by Benito Zalduondo crediting the account of Reglero & Castrillo and charging to his own account the amount of the claim against Reglero & Castrillo,—and that the payments to Antonio Revilla on the account of Gerardo Castrillo had been made in good faith, without knowledge of any transfer which might affect the status of the said account and in accordance with the conduct of Benito Zalduondo and Fidel Mier, the managing partners of Zalduondo, Mier & Co.

In March, 1926, the district judge approved a stipulation which recites, in substance:

First, that of the account described in the complaint Reglero & Castrillo owed only four thousand three hundred twenty-five dollars ($4,325), with interest thereon at eight per cent from February, 1924.

Second, that plaintiffs deny the affirmative averments of the answer in so far as the validity of the transfer made by Zalduondo, Mier & Co. to Fidel Mier is concerned, *inter sese*, "that is, without prejudice to the rights of the firm Reglero & Castrillo," (*esto es sin afectar los derechos de la mercantil Reglero & Castrillo*) and the validity *en absoluto* of the transfer by Fidel Mier to Antonio Revilla, but recognize the payments made in good faith by Reglero & Castrillo.

Thereupon it was further agreed that Reglero & Castrillo were indebted only in the sum of four thousand three hundred twenty-five dollars ($4,325) with interest thereon from February, 1924, at eight per cent per annum, and would pay the said amount to the creditor who might prove to be entitled thereto upon the definite establishment of that right in the pending proceeding, and that to this end citation would issue, and notice of the complaint and answer already filed would be given to Antonio Revilla and to John Doe and Richard Roe, or to the holder of the obligation in question or of any right, title or interest therein, in consideration whereof defendants consented that judgment might be entered for the said amounts in favor of whomsoever should prove to

be the owner of the account after the proper legal steps should have been taken (*después del debido procedimiento de ley*).

Defendants also agreed to furnish a bond, which was subsequently filed.

The summons issued after approval of the foregoing stipulation was returned not found as to Antonio Revilla and citation by publication followed. The citation informed Antonio Revilla that, if he did not appear and intervene and assert his right to recover upon the account in controversy, a default judgment might be entered against him in favor of plaintiffs for the sum of twenty-six hundred dollars ($2,600) alleged by defendants to have been paid in good faith to the said Revilla, and for costs, disbursements and attorney's fees.

Antonio Revilla, in his complaint in intervention, alleges that he is the owner of the obligation upon which Zalduondo, Mier & Co. seek to recover from Reglero & Castrillo, and upon which a balance of only four thousand three hundred twenty-five dollars ($4,325) is unpaid, for which balance Gerardo Castrillo alone is liable, and prays that intervenor be adjudged and decreed to be the owner of such obligation, as well as for judgment in favor of intervenor and against Gerardo Castrillo. Other details outlined in the complaint in intervention are in substance the facts alleged in the answer previously filed by Reglero & Castrillo, except as to the document wherein Gerardo Castrillo acknowledges his individual liability, which is set forth in full.

The stipulation must be construed in the light of the pleadings already filed. So construed, we do not find that defendants admitted an original liability for the debt alleged by them to have been the debt of Gerardo Castrillo. The recital that Reglero & Castrillo "only owed" the sum of four thousand three hundred twenty-five dollars ($4,325), and the more formal agreement which follows to the effect that Reglero & Castrillo "were only indebted" in like sum, are not

so much admissions of an original liability on the part of Reglero & Castrillo as they are admissions by plaintiffs as to the amount of a balance due on the claim for seven thousand dollars ($7,000) asserted in the complaint. If this were all the saving clause in the second recital might be construed to mean that the stipulation as to the status of the controversy over ownership of the account should not affect any right of defendants either as between them and the plaintiffs or as between them and any other of the parties concerned. But the scope of this reservation is limited by an implied waiver, involved in the promise to pay the balance agreed upon, and in the consent that a judgment might be entered against defendants and in favor of whomsoever might prove to be the owner of the outstanding account. The effect of that promise and consent was to eliminate any issue raised by the answer as to whether the firm Reglero & Castrillo or the member Gerardo Castrillo was the original debtor.

Revilla, as intervenor, must take the action as he finds it and can not revive, as a defense to the action brought by plaintiffs, the question so waived by defendants. After approval of the stipulation plaintiffs have no interest in the matter of individual liability on the part of Gerardo Castrillo. Nor can Revilla demand, as a matter of right arising out of his status as intervenor, that Castrillo be made a party. The court below was quite right in holding that Castrillo is not a necessary party. That fact may or may not dispose of any question as to Revilla's right to recover from Castrillo in the action already pending, but it does not follow that Revilla has no right to intervene.

It is also true that certain distinctions may be drawn, and sometimes should be drawn, between intervention and interpleader. But here also the circumstance that the stipulation approved by the district judge savors somewhat of an agreement for an order of interpleader is not a controlling factor in the situation. For the purposes of this opinion it may be conceded that plaintiffs opened one door and Revilla stepped

in through another. His right to remain does not depend upon the theory of the invitation extended to him, but upon whether or not the nature of his interest entitled him to come in, with or without an invitation.

Revilla "has an interest in the matter in litigation," because he alleges ownership of the account upon which the action of plaintiffs is based. A denial of plaintiffs' right to recover is implied, of course, in this claim of ownership. To that extent Revilla is interested also in the success of defendants. His right to relief, however, is not limited by the prayer of defendants. He might be permitted to unite with defendants in resisting the claim of plaintiffs, but he is not obliged to do so. Nor is he required to join plaintiffs or to demand that he be substituted as plaintiff in the action against defendants. An intervention takes place when a third person is permitted to become a party to an action by joining either plaintiffs or defendants, or by demanding anything adversely to both. But by the terms of the same statute, if a plaintiff in intervention has an interest in the matter in litigation, or in the success of either of the parties, that is enough.

The right to make Castrillo a party defendant does not follow as a corollary from the right to intervene. Whether or not the individual partner should be brought in as a proper party is a question to be considered from the standpoint of the situation from and after the admission of Revilla as intervenor. It should not be confused nor regarded as in any way connected with the right to intervene. It is also a matter to be determined in the first instance by the district court, in the exercise of a sound discretion, and in accordance with the rules prescribed by the Code of Civil Procedure. In the absence of such previous determination we are not disposed to reverse the action of the district judge in quashing the summons issued after the filing of the complaint in intervention.

The complaint in intervention was duly served upon the attorneys for both of the original parties in the instant case, as required by section 72 of the Code of Civil Procedure, *supra*. Leave to file the complaint may be granted by an *ex parte* order in California. *Kimball* v. *Richardson-Kimball Co.*, 111 Cal. 386; *Spanagel* v. *Reay*, 47 Cal. 608. Whatever the proper practice may be, the fact that the order was made *ex parte* is not a sufficient reason for quashing the writ of certiorari.

We are inclined to agree with counsel for plaintiffs that an order striking a complaint in intervention from the files is, in substance, a final judgment and therefore appealable. If the effect of such an appeal be to interrupt the progress of the original action, pending a determination of the appeal, then the proceeding for a review by certiorari would be in harmony with the fundamental principle that an intervenor should not be permitted to retard the action. If, on the other hand, an appeal does not operate as a supersedeas, then it can hardly be regarded as a speedy and adequate remedy. In the absence of a satisfactory discussion of the matter in the briefs, and in view of the conclusion reached upon the merits, the motion to quash the writ will be denied.

The order that the complaint in intervention be stricken from the files must be reversed.

Mr. Justice Texidor took no part in the decision of this case.