ANTONIO REVILLA, Peticionario, *v.* LA CORTE DE DISTRITO DE SAN JUAN, HON. CARLOS LLAUGER, JUEZ, demandada.

No. 588.—*Sometido:* Diciembre 5, 1927. *Resuelto:* Enero 30, 1929.

*José Sabater,* abogado del peticionario; *Angel Arroyo Rivera,* abogado del síndico de Zalduondo Mier & Co. demandante en la acción principal.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

El artículo 72 del Código de Enjuiciamiento Civil lee como sigue:

"Cualquier persona antes de la celebración del juicio podrá intervenir en una acción o procedimiento, si tuviere interés en el asunto en litigio, en el éxito de cualquiera de las partes, o algún derecho en contra de ambas. Esta intervención tiene lugar cuando a un tercero se le permita ser parte en la acción o procedimiento seguido entre otras personas, ya asociándose al demandante para reclamar lo que se pretenda en la demanda, o ya uniéndose al demandado para oponerse a las pretensiones del demandante, o pidiendo algo en sentido adverso a las reclamaciones de demandante y demandado, cuya intervención se efectúa por medio de demanda, exponiendo en ella los motivos en que se funde, presentada con permiso de la corte, y notificada a las partes que no hubieren comparecido y a los abogados de las comparecidas, quienes podrán contestar o alegar una excepción a ella, como si fuese una demanda ordinaria."

La corte inferior, a moción de la demandante en el pleito original, eliminó de los autos una demanda de intervención, dejó sin efecto una resolución ordenando la citación del interventor y de un nuevo demandado, y anuló el emplazamiento expedido y notificado de conformidad con la citada resolución. La razón que se daba para proceder de este modo fué que la demanda de intervención no demostraba suficiente interés, que la reclamación del interventor no se dirigía contra la firma de Reglero & Castrillo sino contra Gerardo Castrillo, quien no era uno de los demandados en la acción principal, ni parte necesaria en dicho pleito.

Zalduondo Mier & Co., demandante en el pleito original, ha solicitado que se anule un auto de *certiorari* expedido a instancias del interventor Antonio Revilla. La moción para anular (*motion to quash*) discute la razón dada por la corte de distrito para eliminar la demanda de intervención, y levanta otras cuestiones que pueden ser resueltas incidentalmente o discutidas separadamente después de llegar a una conclusión sobre los méritos de la cuestión principal en controversia.

La acción original fué instituida por un síndico a nombre

de Zalduondo Mier & Co. contra Reglero & Castrillo, sociedad mercantil, y Fidel Mier, anterior socio gestor de Zalduondo Mier & Co. Según la demanda, Zalduondo Mier & Co. vendió y entregó en noviembre de 1919 a Reglero & Castrillo, mercancías ascendentes a siete mil dólares, y cuando el término por el cual fué constituida la sociedad demandante expiró en marzo de 1923, Fidel Mier asumió una obligación mancomunada y solidaria por este importe.

Fidel Mier no compareció y se dictó sentencia en rebeldía contra él. .

En julio de 1924 la firma de Reglero & Castrillo contestó, admitiendo la falta de pago, negando todas las demás alegaciones de la demanda, y alegando substancialmente:

Que en noviembre de 1919 los demandados compraron de la demandante mercancías por un valor de diez mil trescientos setenta y cuatro dólares trece centavos ($10,374.13), siendo convenido que de dicha suma o de cualquiera otra factura posterior, la mercantil Reglero & Castrillo habría de satisfacer solamente cualquier cantidad que excediese de la suma de siete mil (7,000) dólares, siendo dicha suma de siete mil (7,000) dólares la aportación que el socio Gerardo Castrillo hizo a la mercantil Reglero & Castrillo, con el conocimiento y consentimiento de todos los socios de la mercantil Zalduondo Mier & Co., de los cuales siete mil (7,000) dólares quedaba deudor solamente el socio gestor Gerardo Castrillo, con la garantía de su primo Fidel Mier, socio gestor de la mercantil acreedora Zalduondo Mier & Co.

Que allá por el mes de abril de 1920, y mientras Fidel Mier se encontraba ausente de la Isla de Puerto Rico, el socio gestor Benito Zalduondo traspasó en los libros de dicha mercantil Zalduondo Mier & Co. la cuenta de siete mil (7,000) dólares adeudada por Gerardo Castrillo, a la cuenta particular del socio Fidel Mier, y notificando personalmente a Ricardo Reglero, socio gestor de la mercantil demandada Reglero & Castrillo, de tal traspaso, a fin de que los abonos que dicha

mercantil venía haciendo por pago de intereses de dichos siete mil (7,000) dólares con cargo a la cuenta de su socio Gerardo Castrillo, fueran abonados a la cuenta de Fidel Mier, a quien se le había cargado en los libros de la mercantil Zalduondo Mier & Co.; que Benito Zalduondo continuó acusando recibo del pago de intereses con abono a la cuenta particular de Fidel Mier, ratificando continuamente y sin interrupción alguna el traspaso de dicha cuenta, cargada a la cuenta particular de Fidel Mier, hasta el mes de diciembre de 1921 en que habiendo regresado de España Fidel Mier, siguió cobrando personalmente los intereses.

Que mediante contrato celebrado ante notario público por Fidel Mier, Antonio Revilla y Reglero & Castrillo, en septiembre de 1922, Mier traspasó a Revilla el crédito mencionado en la demanda.

Que Gerardo Castrillo en diversas fechas y mediante cheques expedidos por Reglero & Castrillo por distintas cantidades cargadas a la cuenta de dicho Gerardo Castrillo, había satisfecho a Antonio Revilla no solamente los intereses de tal deuda, sino también parte del capital, reduciendo así la misma a la suma de cuatro mil trescientos veinticinco (4,325) dólares, la que vencía en diciembre de 1924.

Que con posterioridad al traspaso en los libros de Zalduondo Mier & Co. de los siete mil dólares adeudados por Gerardo Castrillo, ni dicho Castrillo ni la mercantil Reglero & Castrillo fueron notificados por Benito Zalduondo o por alguna otra persona de haber variado en forma alguna dicho traspaso, ni de que se les había eximido de hacer pago alguno de dicha cuenta, ni advertidos en cuanto a la forma distinta de efectuar los mismos.

Y, por información y creencia:

Que Benito Zalduondo había anulado el traspaso que había hecho él personalmente en los libros de Zalduondo Mier & Co. del crédito de Castrillo a la cuenta particular de Fidel Mier, abonando nuevamente el importe de dicho crédito a la

cuenta de Mier y cargándola a la mercantil Reglero & Castrillo, a pesar de que él sabía que de dicha cuenta no era deudora la mercantil Reglero & Castrillo y sí Gerardo Castrillo, y sin que entonces ni en ningún momento después notificase a Gerardo Castrillo o a Reglero & Castrillo de tal anulación y asiento; y que al regresar de España Fidel Mier, anuló el asiento hecho sin su conocimiento o consentimiento por Benito Zalduondo, abonó a la cuenta de Reglero & Castrillo y cargó a su própia cuenta el importe de la reclamación contra Reglero & Castrillo; y que los pagos efectuados por cuenta de Gerardo Castrillo a Antonio Revilla habían sido hechos de buena fe, con ignorancia completa de traspaso alguno que pudiera afectar el estado de dicha cuenta y actuando de acuerdo con la propia conducta de Benito Zalduondo y Fidel Mier, socios gestores de Zalduondo Mier & Co.

En marzo de 1926 la corte de distrito aprobó una estipulación que dice en síntesis lo siguiente:

Primero, que la mercantil Reglero & Castrillo solamente adeuda en la actualidad, de la cuenta a que se refiere la demanda en el presente pleito, la suma de cuatro mil trescientos veinticinco (4,325) dólares, más sus intereses a razón del ocho por ciento desde el mes de febrero de 1924.

Segundo, que la parte demandante niega las alegaciones afirmativas de la contestación, en cuanto a la validez del traspaso hecho por Zalduondo Mier & Co. a favor de Fidel Mier, *inter sese*, "esto es, sin afectar los derechos de la mercantil Reglero & Castrillo," y niega además la validez en absoluto del traspaso de Fidel Mier a favor de Antonio Revilla, pero reconociendo los pagos hechos de buena fe por Reglero & Castrillo.

Entonces se convino además en que Reglero & Castrillo adeudaba solamente la suma de cuatro mil trescientos veinticinco (4,325) dólares, más sus intereses a razón del ocho por ciento anual desde febrero de 1924, y que pagaría dicha suma a la persona que resultara acreedora de la misma, según:

quede definitivamente establecido en el procedimiento que está pendiente, para lo cual será debidamente citado y notificado de la demanda y de la contestación en este pleito Antonio Revilla y John Doe y Richard Roe, o sea, la persona que resulte tenedora de dicha obligación o tuviera algún derecho, título o interés en la misma; y en su consecuencia la mercantil demandada consiente en que se dicte sentencia por las expresadas cantidades a favor de la persona que resulte ser acreedora de dicha cuenta después del debido procedimiento de ley.

La demandada también convino en prestar una fianza, que fué radicada posteriormente.

El emplazamiento expedido después de aprobarse la estipulación anterior fué diligenciado en forma negativa en lo que a Antonio Revilla se refería, por no haber sido encontrado, y entonces se hizo la citación por edictos. En la citación se le notificaba a Antonio Revilla que de no comparecer o intervenir para establecer oportunamente su derecho al cobro de la referida cuenta, se dictaría sentencia contra él en rebeldía a favor de la demandante por la suma de dos mil seiscientos (2,600) dólares que alegaba la demandada haber pagado de buena fe a dicho Revilla, así como al pago de las costas, desembolsos y honorarios de abogado.

Antonio Revilla en su demanda de intervención alega que es dueño de la obligación que Zalduondo Mier & Co. trata de recobrar de Reglero & Castrillo, la que está reducida actualmente a la suma de cuatro mil trescientos veinticinco (4,325) dólares, del cual saldo es responsable únicamente Gerardo Castrillo, y solicita que se resuelva y decrete que el interventor es el dueño de tal obligación y que se dicte una sentencia a su favor y contra Gerardo Castrillo. Los demás detalles alegados en la demanda de intervención son substancialmente los hechos alegados en la contestación radicada anteriormente por Reglero & Castrillo, excepto en lo que se

refiere al documento en que Gerardo Castrillo acepta su responsabilidad individual, el que se repite en su totalidad.

La estipulación debe ser interpretada a la luz de las alegaciones ya radicadas. Dándoles esa interpretación, no hallamos que los demandados admitieran una responsabilidad original de la deuda que ellos alegaban que era la deuda de Gerardo Gastrillo. La aserción de que Reglero & Castrillo "solamente adeuda" la suma de cuatro mil trescientos veinticinco (4,325) dólares, y el convenio más formal que sigue al efecto de que Reglero & Castrillo "era solamente deudora" de igual suma, no son tanto admisiones de responsabilidad original por parte de Reglero & Castrillo como lo son por parte de la demandante del saldo adeudado del crédito de siete mil dólares (7,000) mencionado en la demanda. Si esto fuera todo, la cláusula de salvedad en la segunda relación podría ser interpretada como que significa que la estipulación relativa al *status* de la controversia sobre la propiedad de la cuenta no debe afectar los derechos de los demandados, ya sea entre ellos y la demandante, o entre ellos y cualquiera de las partes interesadas. Pero el alcance de·esta reserva está limitado por una renuncia implícita envuelta en la promesa de pagar el saldo convenido y al consentir que se dicte sentencia contra la parte demandada y a favor de quienquiera que probare ser dueño de la cuenta pendiente. El efecto de esa promesa y consentimiento fué eliminar cualquier cuestión levantada por la contestación respecto a si la firma de Reglero & Castrillo o el socio Gerardo Castrillo era el deudor original.

Revilla, como interventor, debe aceptar el litigio según lo encuentra y no puede revivir, como defensa a la acción instituida por la demandante, la cuestión así renunciada por los demandados. Después de aprobada la estipulación, la demandante no tiene interés alguno sobre la responsabilidad individual de Gerardo Castrillo. Tampoco puede Revilla exigir, como cuestión de derecho surgente de su *status* de intervención, que se haga a Castrillo parte en el litigio. La

corte inferior estuvo muy en lo cierto al resolver que Castrillo no era una parte necesaria. Ese hecho puede o no resolver cualquier cuestión relativa al derecho de Revilla para recobrar de Castrillo en la acción que ya estaba pendiente, pero de ahí no se desprende que Revilla no tenga derecho a intervenir

Es cierto también que pueden hacerse ciertas distinciones, y que a veces deben hacerse entre un procedimiento de intervención y uno de *interpleader*. Pero, además, la circunstancia de que la estipulación aprobada por el juez de distrito participa algo de la naturaleza de un convenio para que se dicte una orden de *interpleader*, no es un factor determinante en esta situación. Para los fines de esta opinión puede admitirse que la parte demandante abrió una puerta y que Revilla entró por otra. Su derecho a permanecer en el litigio no depende de la invitación que se le hiciera, sino más bien sobre si la naturaleza de su interés en el litigio le daba o no derecho a intervenir con o sin invitación.

Revilla ''tiene interés en la cuestión en litigio'' en vista de que él alega ser dueño de la cuenta en que se funda la acción de la parte demandante. La negativa del derecho de lo demandante a recobrar está implícita, desde luego, al hacerse la anterior alegación. Hasta ese punto Revilla también está interesado en el éxito de los demás. Sin embargo, su derecho a recobrar no está limitado por la súplica de los demandados. A él se le podría permitir unirse a los demás para oponerse a la reclamación de la demandante, pero no está obligado a hacerlo así. Tampoco puede obligársele a unirse a los demandantes o exigir que se le substituya como demandante en la acción instituida contra los demandados. El procedimiento de intervención tiene lugar cuando a un tercero se le permite ser parte en la acción, asociándose a la parte demandante o a la demandada, o pidiendo algo en sentido adverso a ambas partes. Pero de conformidad con los términos del mismo estatuto, si el demandante en un pro-

cedimiento de intervención tiene interés en la cuestión en controversia o en el éxito de cualquiera de las partes, eso es suficiente.

El derecho a incluir a Castrillo como parte demandada no surge como un corolario del derecho a intervenir. La cuestión de si el socio individualmente debe ser incluido o no como parte en el pleito, es una que debe ser considerada desde el punto de vista de la situación reinante a partir del momento en que se permite a Revilla intervenir. No debe ser confundido ni considerado como que está relacionado en forma alguna 'con el derecho a intervenir. Esta es también una cuestión que debe ser determinada en primer lugar por la corte de distrito, en el ejercicio de su sana discreción y de conformidad con las reglas prescritas por el Código de Enjuiciamiento Civil. En ausencia de tal determinación previa, no estamos dispuestos a revocar la actuación del juez de distrito al anular el emplazamiento expedido después de radicada la demanda de intervención.

Esa demanda fué notificada en debida forma a los abogados de las partes originales en el presente caso, según prescribe el artículo 72 del Código de Enjuiciamiento Civil, *supra*. En California puede concederse permiso para radicar una demanda mediante una orden ex parte. *Kimball* v. *Richardson Kimball Co.*, 111 Cal. 386; *Spanagel* v. *Reay*, 47 Cal. 608. Cualquiera que sea la práctica correcta, el hecho de que la resolución fuera ex parte no es razón suficiente para que se anule el auto de *certiorari*.

Nos inclinamos a convenir con los letrados de la demandante en que una orden que elimine de los autos una demanda de intervención equivale, substancialmente, a una sentencia final y que por consiguiente es apelable. Si el efecto de tal apelación es interrumpir el curso del pleito original, hasta tanto se resuelva la apelación, entonces el procedimiento de revisión por medio de *certiorari* estaría en armonía con los principios fundamentales de que no debe permitirse que un

interventor demore el litigio. Si, por otra parte, un recurso de apelación no equivale a un *supersedeas,* entonces difícilmente podría considerarse como un remedio rápido y adecuado. En ausencia de la debida argumentación en los alegatos y en vista de la conclusión a que se ha llegado sobre los méritos, la moción para anular el auto debe ser declarada sin lugar.

*La resolución ordenando la eliminación de la demanda de intervención de los autos debe ser revocada.*

El Juez Asociado Sr. Texidor no intervino.