ZALDUONDO MIER & Co., en quiebra, por su *trustee,* PEDRO G. QUIÑONES, demandante y apelante, *v.* REGLERO & CASTRILLO y FIDEL MIER, demandados y apelados y ANTONIO REVILLA, interventor y apelado.

No. 5494.—*Sometido:* Mayo 3, 1932. *Resuelto:* Marzo 10, 1933.

A. *Arroyo Rivera,* abogado del apelante; *O. Souffront,* abogado de los demandados apelados y *José Sabater,* abogado del interventor apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Reglero & Castrillo, una sociedad, fué demandada por el síndico de la quiebra de Zalduondo Mier & Co., firma que en el curso de esta opinión será designada como la demandante. Antonio Revilla alegaba ser dueño del *chose in action* (crédito o derecho que se tiene a cobrar una obligación) reclamado por la demandante, y trató de intervenir en el pleito. La intervención fué finalmente denegada por la Corte de Distrito de San Juan. Revilla presentó una petición de *certiorari* ante esta corte y la resolución de la corte de distrito negando la intervención fué anulada. *Revilla* v. *Corte de Distrito,* 39 D.P.R. 64.

Antes de que se tratara de intervenir y mientras la demandante y la demandada Reglero & Castrillo ventilaban el caso, el juicio fué suspendido por algún tiempo y las partes llegaron a un acuerdo respecto a ciertos hechos y al procedimiento a seguirse. Suscribieron una estipulación a ese efecto. Había habido alguna duda acerca de si Reglero & Castrillo o Castrillo solamente era responsable de la suma reclamada, mas de conformidad con la estipulación la suma debía recobrarse de Reglero & Castrillo y limitarse a $4,325 con intereses al 8 por ciento al año a partir del 8 de febrero de 1924. En otras palabras, Reglero & Castrillo convinieron en que ellos eran responsables al demandante, o a

alguien, de la suma por que se les demandaba por dicho demandante. Tal responsabilidad fué demostrada definitivamente por nuestra opinión en Revilla v. Corte de Distrito, supra. En la estipulación también se hacía constar que se dudaba quién era el verdadero dueño de la aludida reclamación y las partes acordaron cumplir la sentencia de la corte a este respecto. De forma que las contiendas en este caso eran y son entre el interventor y la demandante; es decir, la controversia surgió acerca de qué persona tenía derecho a recobrar la suma de $4,325 contra Reglero & Castrillo. La Corte de Distrito de San Juan decidió a favor del interventor.

Originalmente aparecía que Reglero & Castrillo adeudaban a Zalduondo Mier & Co. algo más de $10,000 por la compra de mercancías. Fidel Mier era uno de los dos socios gestores de la demandante, sociedad en comandita, siendo el otro Benito Zalduondo. Fidel Mier era fiador en dicha deuda y en los libros de Zalduondo Mier & Co. figuraba como tal fiador. El exceso de $7,000 fué pagado por Reglero & Castrillo.

El 25 de marzo de 1920 se hizo un traspaso en los libros de Zalduondo Mier & Co. según el cual los $7,000 adeudados por Reglero & Castrillo fueron transferidos a la cuenta de Fidel Mier. En otras palabras, Zalduondo Mier & Co. cargó la cuenta a Fidel Mier. Al mismo tiempo se hizo otro asiento según el cual a Fidel Mier se le acreditaba la propiedad de los $7,000 adeudados por Reglero & Castrillo. Ésta era una cuenta personal de Fidel Mier.

Durante el juicio se hizo objeción a que se admitieran estos libros o prueba del aludido traspaso. Sin embargo, creemos que se demostró claramente que el traspaso fué realmente hecho en los libros de la sociedad y que éste tuvo efecto en tanto en cuanto estaba dentro de las facultades de los socios gestores el hacer tal traspaso. Las objeciones a la admisión de la prueba tendente a demostrar el traspaso no pueden ser consideradas como importantes y no se insiste en ellas en

apelación. Mientras ocupaba la silla testifical Benito Zalduondo declaró claramente que se hizo tal traspaso.

Posteriormente, el 1°. de julio de 1932, Fidel Mier en un documento escrito traspasó dicho crédito a Antonio Revilla, interventor en este caso. No se hizo ningún ataque serio, de haberse hecho alguno, sobre la admisión de este documento. Tampoco se discute seriamente, según entendemos, el hecho de que Fidel Mier tuviera el derecho de traspasar esta deuda a Revilla, suponiendo que adquiriera legalmente el derecho a dichos $7,000.

■ Lo que la demandante apelante sostiene es que Zalduondo Mier & Co. tenía derecho a efectuar tal traspaso, mas no ninguno de los socios que la constituían. La demandante apelante sostiene que el artículo 139 del Código de Comercio impide que un socio distraiga cualquier cantidad del acervo común y la haga figurar a su propio crédito. Convenimos con la apelada en que lo que ocurrió aquí es cosa enteramente distinta y que uno de los miembros de la sociedad tiene el derecho a que se le cargue una deuda con el consentimiento del otro socio. Nada hubo que demostrara que al tiempo de efectuarse el traspaso no fuera provechoso para la sociedad cargar la cuenta a Fidel Mier más bien que permitir que ésta permaneciera como una reclamación contra Reglero & Castrillo. El efecto de dicho artículo a lo sumo sería exigir que el socio en cuestión pagara a la sociedad la suma así tomada por él, y a ese respecto podemos decir que en el presente caso se dictó sentencia en rebeldía contra Fidel Mier por dicha suma.

■ La apelante suscitó la cuestión de que tal traspaso era fraudulento. Mas nuevamente convenimos con la apelada en que esto no podía afectar a Antonio Revilla, quien nominalmente adquirió un título de Fidel Mier, un socio gestor enteramente competente de Zalduondo Mier & Co. Consideraciones similares pueden aplicarse a la tentativa de invocar el artículo 135 del Código de Comercio.

■ ■ El artículo 143 del Código de Comercio no es apli-

cable toda vez que la cesión hecha por Zalduondo Mier & Co. a Revilla fué presuntivamente en aquella época de su propio derecho a dicho *chose in action* y mediante esta actuación Antonio Revilla no se subrogó en los derechos de Fidel Mier en la sociedad de Zalduondo Mier & Co.

Es igualmente claro que el artículo 1362 del Código Civil no es aplicable toda vez que Fidel Mier no era un agente de Zalduondo Mier & Co. dentro del significado de ese artículo. Él era un socio gestor. Al igual que en las otras cuestiones que acabamos de discutir, su socio Benito Zalduondo asintió a todas las actuaciones de él.

No hemos discutido estas distintas cuestiones con más amplitud porque de los autos nos parece perfectamente claro que Zalduondo Mier & Co. tenía derecho a efectuar este traspaso y a substituir a Reglero & Castrillo por Fidel Mier como deudor.

Una de las principales cuestiones suscitadas por el apelante es que el traspaso hecho en los libros no lo fué en realidad o legalmente, y que si se hizo legalmente, fué con posterioridad cambiado o rescindido por el mismo Zalduondo. La corte dijo que la evidencia era contradictoria, y, según entendemos, giró principalmente sobre este punto. Este pleito fué entablado no por Zalduondo Mier & Co. sino por el síndico del quebrado. Tanto el síndico como su abogado ocuparon la silla testifical para decir que Benito Zalduondo les había hecho manifestaciones en sentido contrario; que el traspaso jamás fué hecho válidamente, y que más tarde Benito Zalduondo había vuelto a transferir la cuenta de suerte que constara como aparecía originalmente en los libros de Zalduondo Mier & Co. Según hemos dicho, sin embargo, Benito Zalduondo declaró. Hizo un relato circunstancial del traspaso efectuado en los libros, y explicó o trató de explicar sus inconsistencias cuando manifestó al abogado y al síndico que la cuenta era contra Reglero & Castrillo y no contra Fidel Mier.

Luego de leer los autos, no hallamos razón alguna por la

cual la corte no tuviera derecho a creer que los hechos ocurrieron según los relató Zalduondo en el juicio. A nuestro entender, parece desprenderse de la declaración de Zalduondo que él dió al síndico y su abogado su opinión legal de que la mercantil no tenía derecho a efectuar el cambio y de que la cuenta debía siempre considerarse como cargada a Reglero & Castrillo.

Hubo abundante evidencia en el caso al efecto de que todos los interesados, incluso Benito Zalduondo, Antonio Revilla y Reglero & Castrillo entendieron que el dueño de la cuenta era Revilla y no Mier.

Durante el juicio la demandante trató de demostrar mediante el testimonio de Zalduondo que se dieron recibos a Reglero & Castrillo que fueron abonados a Mier. Algunos de estos recibos estaban suscritos por P. A. Frau, quien aparecía actuando como apoderado de Zalduondo Mier & Co. La demandante se opuso a la admisión de estos recibos porque el poder dado por la mercantil a Frau no fué primeramente ofrecido en evidencia. La cuestión de la agencia de Frau era un asunto colateral, y las autoridades tienden a demostrar que la regla relativa a la mejor prueba no es aplicable a tal situación. 22 C. J. 993, párr. 1248 *et seq.* y especialmente la página 998, párr. 1264. De todos modos, la parte apelante no insiste en su alegato en la excepción tomada durante el juicio.

Se han planteado otras cuestiones sobre las alegaciones, pero carecen de importancia o fueron subsanadas en el juicio.

*Debe confirmarse la sentencia apelada.*